## VINING *vs.* THE OFFICERS OF COURT.

1. It is error to measure the result of a claim case by the amount to be collected out of the property, when it ought to be measured by the interest of the defendant in the property levied upon.  Thus, when only about one undivided sixth of the property was subject, the court erred in instructing the jury to find the whole property subject for a specific amount of money, there being no equitable pleading in the claim case.

2. Where property exempt for the family is involved, and the head of the family is claimant, the consent of the counsel for the claimant will not warrant the court in holding the whole property subject when manifestly only an undivided interest in it is subject.
November 12, 1888.

Claims.  Charge of court.  Exemptions.  Practice in superior court.  Before Judge RICHARD H. CLARK.  Clayton superior court.  March term, 1888.

Reported in the decision.

D. M. VINING *in propria persona*, for plaintiff in error.

No appearance *contra*.

BLECKLEY, Chief Justice.

An execution in favor of the officers of court against Vining was levied upon certain land. He interposed a claim as the head of his family. At the trial it appeared that an exemption was set aside to him in 1879, a part of which consisted of a portion of the amounts due on certain policies of insurance. There was evidence to indicate that $650, derived from these policies, was invested in this land; and taking all the evidence before the court, this $650 was more by $109.03 than the share of the exemption estate in the proceeds of the policies. This evidence being obvious and uncontradicted, the presiding judge instructed the jury to find the land subject to the *fi. fa.* to the extent of $109.03, with costs of suit. There were no equitable pleadings in the case. The jury so found, and the claimant moved for a new trial, alleging these instructions as one of the grounds.

If the judge was correct in his construction of the evidence, the claimant in behalf of the exemption estate was the real owner of the land to the extent of about five-sixths, and as defendant in *fi. fa.* he had an interest to the extent of about one-sixth; but the court was certainly incorrect in instructing the jury to find the whole property subject, although the amount for which it was subject was limited. The whole property was not subject for any amount, but only about one-sixth of it. The court states in the record that the instructions given to the jury were understood at the time to be assented to by both parties; but there can be no proper assent to the sale of exempt property for the payment of a debt to which it is not subject. No court or officer has any power to enforce against it any process for such a debt. Code, §5211.

The court erred in not granting a new trial.

Judgment reversed.