VINING *v.* THE OFFICERS OF COURT.

86   127
116   394

1. It was not error to refuse to dismiss the levy of an execution for costs, upon the ground that the sheriff, who was the levying officer, being interested as a plaintiff, was incompetent to make it; nor upon the ground that the execution did not follow the judgment, in that the judgment was in favor of the officers of court and the

execution was in favor of such officers and of others who claimed witness fees. It was competent for the clerk to tax the costs in a case which had been pending in court, whether those costs consisted of witness fees, fees due the clerk, sheriff, jurors, or others.

2. Only the aliquot part of the plaintiff in error, unaffected by the homestead, in the property levied on, was subject to the execution not the whole property, as was decided in this case in 82 *Ga.* 222. The verdict of the jury and rulings of the court below were in accordance with this decision.

November 10, 1890.

Claim. Levy. Sheriff. Cost execution. Before Judge RICHARD H. CLARK. Clayton superior court. September term, 1889.

An execution in favor of the officers of court of Clayton county was levied on six bushels of corn and a half-interest in 100 acres of land and in a mill and fixtures thereon, as the property of the defendant in the execution, who thereupon, as the head of a family, interposed a claim to the property as a homestead exemption, Under the evidence and the judge's charge, the jury found subject the interest of the defendant in execution as shown by the evidence ; and he took exceptions, the grounds of which appear in the opinion.

JOHN B. HUTCHESON, for plaintiff in error.

J. T. SPENCE and W. L. WATTERSON, *contra.*

BLANDFORD, Justice.

This was an execution issued by the clerk of the superior court in favor of the officers of court against the plaintiff in error, which was levied upon certain of his property. The defendant in the court below moved to dismiss the levy, upon the ground that the levying officer, being interested as a plaintiff, was incompetent to make it. The court overruled this motion, and his ruling is excepted to. We think the court did right. It has been the invariable rule for the sheriff, or other levying officer, to levy any execution for costs, whether he be interested in the costs or not. We know of no

instance to the contrary. Indeed, the very levy of any execution, although not in favor of the levying officer, would give such officer a right to costs. Claimant also moved to rule out the execution upon the ground that it was levied by Archer, the sheriff, which motion was also denied. He further moved to dismiss the levy upon the ground that the execution did not follow the judgment in this: the judgment was in favor of the officers of court, and the *fi. fa.* was in favor of the officers of court and one Yancy and others, who claimed witness fees. This motion was also overruled, and movant excepted. We think the levy was properly made by Archer, the sheriff; and that it was perfectly competent for the clerk to tax costs in a case which had been pending in court, whether those costs consisted of witness fees, fees due the clerk, sheriff, jurors or others. All were properly the costs in that case. Such has been the established rule from time immemorial in this State.

Claimant then moved to dismiss the levy upon the following grounds: (1) It having appeared from the evidence that the property levied upon was homestead property, the same could not be levied upon without an affidavit having been filed by plaintiff, stating that the debt upon which the execution was founded was one from which the homestead was not exempt; it being admitted that no such affidavit had been filed. (2) The evidence showed that the property levied on was homestead property, and therefore a trust estate; and it could not be levied on and sold under the *fi. fa.*, but plaintiff should commence equitable proceedings in order to condemn the trust estate. The court overruled this motion, and claimant excepted. We think this ruling of the court is in accord with the decision in this same case, which will be found in 82 *Ga.* 222. Only the plaintiff's aliquot part, unaffected by the homestead, in the property levied on, was subject to the execution,

v 86-9

not the whole property; and such was the verdict of the jury. In our opinion the verdict of the jury was right; and the judgment of the court below is

*Affirmed.*