### 13091. PEEBLES *v.* McCRARY.

1. The judge did not err in his rulings on the demurrers to the affidavit of illegality.
2. The court did not err in admitting in evidence the execution to which the affidavit of illegality was interposed.
3. No error was committed in admitting in evidence certain statements

made by the witness Felton as to whether or not the rent in contro
versy was settled by the deed made by Corbin to McCrary.

4. The judge presiding when this case is retried is directed to see that a
proper judgment as to costs is rendered.

5. The judge erred in directing a verdict.

      DECIDED JULY 11, 1922. REHEARING DENIED JULY 26, 1922.

Affidavit of illegality of execution; from Taylor superior court
— Judge Munro. October 8, 1921.

*C. W. Foy,* for plaintiff in error.

*Jule Felton,* contra.

BLOODWORTH, J. 1. The court did not err in striking, on motion
of plaintiff's counsel, paragraphs 1 and 4 of the original affidavit
of illegality, and paragraph 1 of each amendment.

2. When the execution to which the affidavit of illegality was
filed was offered in evidence, it was objected to upon the grounds
that no judgment was introduced from which the execution issued,
and the execution did not follow the judgment. The court did
not err in overruling these objections and admitting the execution
in evidence. See *Vining* v. *Officers of Court,* 86 *Ga.* 127 (12 S. E.
298).

3. In the bill of exceptions it is recited that "Mr. Felton,
counsel for the defendant in error, swore that in the settlement
between him and Willie Corbin, of the dispossessory warrant case,
the claim for rent was not settled, and that the judgment for rent
was no part of the consideration of the deed he took from Willie
Corbin to R. E. McCrary to the premises in dispute in the disposses-
sory-warrant case. Plaintiff in error objected to this evidence, upon
the ground that Mr. Felton had just sworn that the agreement
between himself and Willie Corbin was put in writing, and this
writing showed that the deed was given to settle absolutely every
issue involved in said case, and that oral testimony was not ad-
missible to vary the terms of this writing; further that the certified
record from the Court of Appeals showed that Mr. Felton, as
counsel for the defendant in error, had used this deed, with the
stated agreement to dismiss the dispossessory-warrant case, in the
Court of Appeals, for the reason that every issue in said case had
been settled, and that these records, having been so used, became
a solemn admission in judicio, and defendant in error was es-
topped from saying they did not so mean." After the deed and
the affidavit (referred to in the bill of exceptions as an agreement)

.made by Corbin were introduced in evidence, the following occurred: "The court then asked the witness (Felton): In this settlement was the claim for rent settled? A. It was not. By the court: Was it a part of the consideration of the deed? A. It was not." The deed did not state what issues were settled. Counsel for plaintiff and defendant differed as to this question, the judge was evidently in doubt, and under all the particular facts of the case it was not error for the judge to ask the foregoing questions and allow the answers thereto to go in evidence.

4. Ground 2 of the original affidavit of illegality relates to costs. In the brief of counsel for the defendant in error he says that this question "was held in the breast of the court to be adjusted by an appropriate judgment after the issue of fact submitted to the jury had been disposed of," and that "we have no sort of objection to the adjustment by this court of the amount of cost that should be recovered." The court did not adjust the costs by any judgment. Under the foregoing statement in the brief of counsel for defendant in error, as well as under the broad powers given us by the law (Civil Code of 1910, §§ 6103 (2), 6205; *Finley* v. *Southern Ry. Co.,* 5 *Ga. App.* 722 (1), 724 (64 S. E. 312), and cases cited), we direct the judge who presides when the case is retried to see that a proper judgment is rendered for the legal costs, and for none other. See *Adair* v. *St. Amand,* 136 *Ga.* 1 (15-a), 3 (70 S. E. 578).

5. The only other issue raised by the affidavit of illegality is whether or not the rent for which the execution was issued has been paid and whether or not a part of the consideration of the deed made by Willie Corbin and introduced in evidence was in settlement of the execution levied. The deed itself does not settle this issue, as the consideration named therein is "$1.00 and other valuable consideration." What is this "other valuable consideration?" Plaintiff in error says that it was the settlement of the judgment for rent, on which judgment the execution in this case was issued. Defendant in error says that the giving of the deed did "not settle the rent and was never so intended." On this issue there was evidence pro and con. When this case was first before this court (22 *Ga. App.* 472) an affidavit by Willie Corbin (made at the instance of counsel for defendant in error) was introduced on a motion to dismiss the writ of error, in which

affidavit he swore that he executed this deed to the defendant in error " so as to settle absolutely every issue in said case." The proceeding then before the court was one to dispossess a tenant for failure to pay rent. Besides the right of possession of the premises, what other issue could have been before the court except the amount of rent? (The record in the case in which this affidavit was made shows that the question of rent was an issue.) This affidavit of Corbin was introduced in evidence in the trial of the illegality now under consideration. Corbin further swore on the trial of the instant case that he said to counsel for defendant in error: " I am tired of fighting this lawsuit, and I want to settle it and stop it and have nothing more to do with it;" and the evidence further showed that Corbin had sworn on previous trials that the consideration of the deed which he gave to defendant in error " was to pay all the costs of the court and cancel the judgment of $310 against him. for rent." It is true that there is some apparent conflict between a part of the oral evidence of Corbin and his affidavit; and it is also true that Hon. Jule Felton, counsel for defendant in error, in answer to questions by the court, swore that the claim for rent was not a part of the consideration of the deed, and that the rent was not settled by the giving of the deed. From the foregoing it will be seen that the evidence was conflicting on the real issue in the case, and there was some evidence from which the jury could have drawn a " reasonable deduction or inference " that the settlement made by the delivery of the deed included the rent for which the execution is now proceeding. This being true, the judge erred in directing a verdict in favor of the plaintiff in execution.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*