### CLAY *vs.* THE WESTERN UNION TELEGRAPH COMPANY.

1. Clay brought suit against the telegraph company, alleging that, by the negligence of the company, a telegram sent to him was not delivered in time for him to meet a train, whereby he lost a certain sum which he would have made as profits if he had received the telegram at the proper time :

*Held*, that a demurrer to the declaration was properly sustained, it appearing that he lost nothing more than a mere opportunity or possibility to make something.

2. The court, in this case, was authorized to sustain the demurrer without going into the question of whether the company was liable for the non-delivery of the message.

May 28, 1888.

Telegraph companies. Non-delivery. Damages. Profits. Demurrer. Before Judge JENKINS. Bibb superior court. November term, 1887.

J. J. Clay sued the Western Union Telegraph Company, alleging as follows : Said company, being a body corporate and politic and doing business in this State,

and engaged in receiving and transmitting messages on its wires for profit, and having an office in the city of Macon, had damaged him $500.00; for that, on January 8th, 1885, at about five o'clock P. M., at Bullard's Station, about seventeen miles from Macon, on the East Tennessee, Virginia and Georgia railroad, where it had an office, said company received for transmission the original message (of which a copy is set out in the decision), the charges upon which, at full rates, were paid by the sender in advance. Said company should, as it undertook to do, have delivered the message within twenty minutes or half an hour, but by the gross carelessness and negligence of its agents and servants, the message was not delivered until about 8 o'clock A. M. on January 9th, 1885, long after the hour at which the train left for Indianapolis, and when it was impossible for plaintiff to attend to and receive the benefits of the commission conveyed in the message. Plaintiff is an undertaker and the services required of him in the message were in that capacity, and the profits thereof, which were lost to him by defendant's negligence, amounted to $500.00. Plaintiff has been, by said negligence of defendant, greatly damaged in his business as an undertaker, whereby defendant became and is liable to pay him the sum of $500.00, as aforesaid, which sum it refused and still refuses to pay, etc.

This declaration was demurred to orally on the ground that it set forth no cause of action. The demurrer was sustained and the plaintiff excepted.

S. A. REID, for plaintiff.

GUERRY & HALL, for defendant.

BLANDFORD, Justice.

It appears that a telegram was sent to Clay, the plaintiff, as follows:

"Bullard's, Ga., Jany. 8th, 1885.

"To J. J. Clay: Meet us at E. T. depot on this evening's train prepared to arrange for shipment to Indianapolis my mother-in-law's re-remains.     (Signed)     D. G. Hughes."

The telegraph company failed to deliver this telegram in time for Clay to meet the train and comply with the directions of the sender. Clay brought his action against the company for damages.

We cannot see, from the allegations in the declaration, how Clay was damaged. It does not appear that he suffered any damage. It appears that he lost a mere opportunity or possibility to make something. If he had received the telegram, and had appeared at the depot in time to meet the remains, and if Mr. Hughes had declined his services, all that he could have recovered from Hughes would have been his expenses and a proper compensation for his trouble in getting ready to perform these services. Clay did not go to meet the remains, and did not spend anything on this account; he was in the same condition after receiving the telegram that he was before; no loss came to him. It is contended that if he had received the telegram, he would have made a considerable amount of money as profits from services rendered. He might have made it, or he might not. As stated, this was merely a possibility. Under the allegations in the declaration, we do not think he had any right to recover damages ; and that the judge did right to sustain the demurrer to the declaration.

As to whether the telegraph company is liable at all for non-delivery of the telegram, we say nothing as to that at this time. There was plenty to authorize the court to sustain the demurrer, without going into that question at all.

Judgment affirmed.