## MOOD v. W. U. TELEGRAPH COMPANY.

1. TELEGRAMS—NON-DELIVERY—COMPLAINT.—In action for damages to plaintiff, a physician, from loss of a fee by the non-delivery and delayed delivery of telegrams, which called for the services for which the fee would have been charged, *it seems* that the complaint should allege that the defendant telegraph company had notice of the loss that would result from the failure to promptly deliver these telegrams.

2. IBID.—IBID.—IBID.—EVIDENCE.—A complaint which alleges damages to plaintiff by the non-delivery and delayed delivery of telegrams calling for plaintiff's services as a physician, and his loss of a fee for such services, does not make a case of general or exemplary damages, but of special or consequential damages; in which case it is necessary to allege the special damages sustained. There being no such allegation in this complaint, testimony of special damages was inadmissible.

3. AMENDMENTS.—Judgment reversed and new trial granted, with leave to plaintiff to amend his complaint.

Before HUDSON, J., Sumter, March, 1893.

Action by Dr. J. A. Mood against the Western Union Telegraph Company, commenced in January, 1892. The complaint was as follows:

The plaintiff, complaining of the defendant, alleges:

I. For a first cause of action:

That the defendant is a corporation doing business in this State, and having offices for the transaction of business at Remini, in the County of Sumter, and in the city of Sumter, in said county; and the said defendant is engaged in the business of transmitting and delivering for hire telegraphic messages

between points upon its line, and the plaintiff is a physician and surgeon, having his office in the city of Sumter aforesaid.

II. That on the 28th day of November, 1891, one A. N. Webb delivered to the agent of the defendant at Remini aforesaid, for transmission on the wires of the defendant, and there to be delivered to the plaintiff, a telegraphic message, requiring the plaintiff to come to Remini aforesaid to attend professionally three persons, who had been seriously wounded, and who were in immediate need of the plaintiff's services as such physician and surgeon. And that said A. N. Webb then and there duly prepaid the toll or charge for the said message to the agent of the defendant at Remini aforesaid, who undertook and agreed with the plaintiff thereupon, for and in behalf of the defendant in consideration thereof, forthwith to transmit the said message to Sumter aforesaid and there deliver the same to the plaintiff.

III. That the defendant wholly failed and neglected to perform the said contract so agreed to be performed on its part as aforesaid, so that the said message was wholly lost to the plaintiff, and was never received by him, to his damage one hundred dollars.

IV. For second cause of action. [This paragraph is the same as paragraph I.]

V. That upon the 28th of November, 1891, one A. N. Webb, at Remini aforesaid, delivered to the agent of the defendant thereat for transmission and delivery by the defendant to the plaintiff in Sumter aforesaid, a telegraphic message addressed by him to the said plaintiff in the words following, to wit: "Come to Remini soon as possible, man cut and shot;" and the said A. N. Webb then and there duly prepaid to the defendant's agent at Remini aforesaid the proper toll or charges therefor, and the said defendant, by and through its agent as aforesaid, for the consideration aforesaid, then and there undertook and agreed with the plaintiff forthwith to transmit the said message to Sumter aforesaid, and deliver the same to the plaintiff.

VI. That the defendant failed and neglected to perform the contract so agreed to be performed on his part as aforesaid, but, on the contrary, the said defendant so unreasonably and

negligently delayed the transmission and delivery of the said message to the plaintiff, that the plaintiff was wholly unable to answer the summons therein contained, to the damage of the plaintiff one hundred dollars.

Wherefore, the plaintiff demands judgment for the sum of two hundred dollars and costs.

*Messrs. Smythe & Lee,* for appellants.

*Mr. Mark Reynolds,* contra.

March 7, 1894. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. This was an action for damages brought by the plaintiff, a physician, against the defendant for a failure to deliver one telegram alleged to have been sent to him, and to deliver in time another telegram sent by one A. N. Webb from Remini, a village in the neighborhood, to the plaintiff at Sumter, S. C., in the following words: "Come to Remini soon as possible, man cut and shot." The complaint contained two causes of action: first, for a failure to deliver a telegram sent; and the second, for delay in delivering another message. The allegations in each were substantially the same: "That one A. N. Webb delivered to the agent of the defendant company at Remini, for transmission on the wires of the company, to the plaintiff at Sumter aforesaid, a telegraphic message (as given above), addressed by him to the said plaintiff; and the said A. N. Webb then and there duly prepaid to the defendant's agent at Remini aforesaid, the proper toll or charges therefor, and the said defendant, by and through its agent aforesaid, for the consideration aforesaid, then and there undertook and agreed to transmit the said message to Sumter as aforesaid, and deliver the same to the plaintiff. "That the defendant failed and neglected to perform the contract so agreed to be performed on its part as aforesaid, but on the contrary the said defendant so unreasonably and negligently delayed the transmission and delivery of the said message to the plaintiff, that the said plaintiff was wholly unable to answer the summons therein contained, to the damage of the plaintiff one hundred dollars," &c.

The defendant company put in a general denial, and at the trial moved to dismiss the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action. The presiding judge overruled the motion, and sent the case to the jury.   The testimony of the said A. N. Webb and of other witnesses was offered, tending to show special damage, to which objection was made, on the ground that there was no allegation in the complaint claiming special damage, which was necessary to allow the introduction of such evidence.   The testimony, however, was admitted over the objections, the case went to the jury, and the plaintiff had a verdict for sixty dollars.

From this judgment the defendant company appeals to this court, and moves to reverse the rulings of the Circuit Judge and the judgment, on the following grounds: (1.) Because his honor erred in not sustaining the defendant's oral demurrer interposed in the case, upon the ground that the complaint did not state facts sufficient to constitute a cause of action.   (2.) Because his honor erred in admitting testimony on behalf of the plaintiff, showing special damage sustained by the plaintiff, when no special damages had been alleged.   (A full copy of the complaint should appear in the report of the case.)

It will be observed that the action was only for damages; not for any actual injury done to character, property or person; but for alleged negligence in the delivery of a telegraphic message, which caused the plaintiff *not to realize* a fee for professional services, which otherwise he would have probably received.   This being the state of the case, we incline to think that the complaint should have contained a distinct allegation, that the defendant company or their agent had notice of the damage that would result to the plaintiff by the loss of a fee for professional services, in case the message was not delivered with unusual promptness; and that he, the plaintiff, was ready and willing to perform his part of the contract, but was prevented from so doing by the tardy delivery of the message. But as the case has to go back to the Circuit, we make no ruling now on the subject.

The question, however, remains, what kind of damages were those which the plaintiff sought to recover?  As we understand.

it, there are several kinds of damages, depending upon the circumstances. Speaking generally, we think it may be said that there are at least three kinds—general damages, special damages, and exemplary or punitive damages. It is not contended here that these are exemplary damages, for the complaint makes no such claim, nor does it allege that there was any intentional, wilful wrong-doing on the part of the defendant company. Then, were these what are usually termed general damages, which may be admitted in evidence under a general allegation? This court has lately held that general damages are those which the law itself would imply, "for the reason that they are the immediate, direct, and proximate result of the act complained of, as, for instance, an injury to the property in question, or its value, by its detention, deterioration," &c. According to this description or definition of what general damages are, the damages here, as it seems to us, cannot be considered as belonging to that class. They are not the natural and necessary consequences of the act complained of. Nor are they the immediate, direct, and proximate result, but, on the contrary, are consequential, and, to some extent, remote and speculative. No loss came to the plaintiff, who was in the same condition after he received the telegram that he was in before.

We must consider that the damages sought to be recovered were consequential and special. "Special damages cannot be recovered unless expressly alleged; and only such damages are special as do not necessarily result from the act complained of. There being no special damages alleged in this complaint, evidence of injury done the property by a snow storm, while it was detained by the defendant, was inadmissible." See *Lipscomb* v. *Tanner*, 31 S. C., 49; *Sitton* v. *McDonald*, 25 *Id.*, 68; *Livingston* v. *Exum*, 19 *Id.*, 223; *Loeb* v. *Mann*, 39 *Id.*, 465; *Rowand* v. *Bellinger*, 3 Strob., 373; *Clay* v. *W. U. Telegraph Co.*, 81 Ga., 285, 6 S. E. Rep., 813. This, in effect, also disposes of the second ground of appeal, charging error in admitting testimony on behalf of the plaintiff, tending to show special damages, when no special damages had been alleged in the complaint. It being necessary to allege in the complaint claim for special

damages, and no such claim having been made, it follows, of course, that there being no appropriate allegation to sustain the testimony, it was inadmissible. We think the judge committed error in overruling the demurrer and ordering the case on for trial.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and the cause remanded to the Circuit Court for a new trial, with leave to the plaintiff to amend his complaint as he may be advised.