BROOKE *v.* WESTERN UNION TELEGRAPH COMPANY.

Following the decisions of this court in *Western Union Tel. Co.* v. *Shotter,* 71 *Ga.* 760, and *Western Union Tel. Co.* v. *Flint River Lumber Co.,* 114 *Ga.* 576, it is held that in the transmission of a telegraphic message the telegraph company is the agent of the sender, to whom, and not to the company, the recipient must look for damages arising out of error in the transmission.

Argued February 22, — Decided March 4, 1904.

Action for damages.    Before Judge Reid.    City court of Atlanta.    June 5, 1903.

*Smith, Hammond & Smith,* for plaintiff.
*Dorsey, Brewster & Howell,* for defendant.

CANDLER, J.    This was an action for damages, brought against a telegraph company by the recipient of a message which, it is alleged, was erroneously transmitted by the company.    The plaintiff excepts to the sustaining of a general and special demurrer to his petition.    The only question presented for our decision is whether or not we will grant the request of plaintiff's counsel to review and overrule the decisions of this court in the cases of *Western Union Tel. Co.* v. *Shotter,* 71 *Ga.* 760, and *Western Union Tel. Co.* v. *Flint River Lumber Co.,* 114 *Ga.* 576, which hold that in the transmission of a telegraphic message the telegraph company is the agent of the sender, who is bound by the terms of the message, and from which rulings it necessarily follows that the sendee must look to the sender, and not to the telegraph company, for any damages he may sustain by reason of the error in transmission.    If these cases are to be followed, they are controlling of the case at bar.    The *Flint River Lumber Co.* case was based upon the decision in the *Shotter* case, which, Mr. Justice Cobb declared, had been silently acquiesced in by the profession since its rendition and had been the law of this State for nearly twenty years.    For that reason, he further added, " we would not feel justified in overruling the decision, even if a review of the case had been requested."    The reasons given by Mr. Justice Cobb for refusing to overturn the principle of law referred to are even more applicable to-day, for the lapse of two years has rendered still stronger the application of the doctrine of stare decisis. The cases of *Western Union Tel. Co.* v. *James,* 90 *Ga.* 254, and

*Western Union Tel. Co.* v. *Waxelbaum*, 113 *Ga.* 1017, cited by counsel of the plaintiff, while containing language which would indicate a view contrary to that announced in the *Shotter* and *Flint River Lumber Co.* cases, are at best only physical precedents, and make no ruling binding on this court which is in conflict with the position now taken.     In the *James* case the question decided was one of measure of damages; in the *Waxelbaum* case it was one of compliance with the contract entered into by the telegraph company and the sender.     In both, it is true, the action was maintained by the sendee of the message, but in neither was his right to maintain an action against the telegraph company raised.

Nor do we think the principle is altered by the fact, alleged in an amendment to the petition, that the defendant was the only telegraph company having an office in the town where the sender was when the message was sent, and that, in complying with the sendee's request to communicate by telegraph the sender had no choice as to what company it would select to transmit his message.     The question of agency is not affected by the fact that the principal may be restricted in his choice of an agent.     If a man write me for information, requesting me to send my reply by a messenger-boy, and there is only one messenger-boy whose services I can obtain, that fact renders him none the less my agent when I have employed him for the service in question.     We recognize the force of the argument that, independently of any question of agency, a telegraph company owes a duty to the public, for the neglect of which it should be held liable in damages.     The General Assembly, however, has not seen fit to enact any legislation on the subject; and for the reasons already stated we do not feel justified in departing from a principle of law which has been recognized by this court for many years.     For a full discussion of this subject, with criticisms of the *Shotter* case, supra, see Joyce on Electric Law, §§ 903, 904.

*Judgment affirmed.     All the Justices concur, except Simmons, C. J., absent.*