## WILSON *v.* WESTERN UNION TELEGRAPH COMPANY.

In a suit for compensatory damages, where the damages alleged were not proximately caused by any act of the defendant, a demurrer to the petition was rightly sustained.

Argued June 21,—Decided November 10, 1905.

Action for damages. Before Judge Reynolds. City court of Waycross. September 19, 1904.

A suit for damages was brought by J. H. Wilson against the Western Union Telegraph Company, the plaintiff basing his right to recover upon the following allegations of fact: During the year 1904, he resided at No. 51 Jane Street, in the City of Waycross, about three hundred yards from the office of the defendant company in that city, and was employed in the shops of the Atlantic and Birmingham Railway Company at that place. The defendant is a corporation engaged in the business of receiving and transmitting telegraphic messages, and charged with the duty of promptly delivering the same, having an office and agent in the City of Waycross during the year 1904, as well as an office and agent at Burlington, North Carolina, and a continuous line for the

transmission of telegraphic messages between these points. During the past twenty-five years, plaintiff has been engaged in the regular occupation of a bridgeman, in which work he is skilled and his services have been in demand. He had been previously in the employ of the Carolina Steel Bridge and Construction Company, a thoroughly reliable and responsible corporation of Burlington, engaged in the manufacture and construction of steel bridges and other structural work, and its officers and agents were well acquainted with his competency for doing the kind of work in which that company was engaged. This company, desiring to again employ plaintiff to engage in performing the work of constructing certain railroad bridges then being erected by the company in North Carolina, did, on March 12, 1904, file in the office of the defendant company at Burlington, with its agent or operator, a message bearing that date and addressed to "J. H. Wilson, Bridgeman, Waycross, Georgia," duly signed and containing this inquiry: "Can you commence work next week? Answer." There had already been an understanding between plaintiff and the sender of this message that "his services could be procured in connection with said work, when wanted, at a salary of eighty dollars" per month, together with board for himself, worth twenty dollars per month. The message addressed to the plaintiff was immediately transmitted by the operator at Burlington, and was on the same date duly received at the office of the defendant at Waycross; but notwithstanding the plaintiff resided within a short distance of its office in that city, and was at the time engaged at work in the railroad shops where he was employed, the message, owing to the neglect of the company's employees, was not delivered to the plaintiff with promptness and dispatch, as the duty imposed and devolving upon the company required it to do, either at his residence or at his place of business, although the message could and should have been delivered to him within a few minutes after it was received by the operator at Waycross. On account of the negligence of the company and its failure to diligently perform the duty then and there required of it, the message was not delivered to plaintiff until ten days had elapsed from the date of its reception. Immediately upon getting the message, plaintiff notified the Carolina Steel Bridge and Construction Company that he accepted its offer of employment and stated that he was ready to at once commence and enter upon the work that

company desired him to engage in, upon the terms as understood between them; but the company informed him, by another message sent from Burlington, dated March 23, 1904, that the position in its service he had expressed his willingness to accept had been filled. The plaintiff alleged that because of the want of diligence on the part of the company in delivering to him the original message from the Carolina Steel Bridge and Construction Company, he lost employment with that company on the terms above stated; and inasmuch as such employment would have continued for the period of at least nine months after entering into its service, he had suffered actual loss and damage in the difference between the amount of two dollars per day, or fifty-two dollars per month, received from the Atlantic and Birmingham Railway Company for his work in its shops, and the total sum of one hundred dollars per month for that period, covering his salary and board which he would have received from the Carolina Steel Bridge and Construction Company, amounting in the aggregate to $432, in which sum the defendant company was liable to him on account of his loss and damage aforesaid.

To this petition the defendant filed a general demurrer, which was sustained by the court, and the plaintiff excepted.

*J. L. Sweat,* for plaintiff.

*Osborne & Lawrence,* for defendant.

EVANS, J. (After stating the facts.) In support of the judgment sustaining the demurrer, it was urged that in no case can an addressee recover of a telegraph company damages resulting from a negligent delivery of the message. The case of *Brooke* v. *W. U. Tel. Co.,* 119 *Ga.* 694, is cited to sustain this contention. This case was not decided by a full bench, and therefore is not conclusive of the question. The present action is not based on contract, but is founded on a breach of duty owing by the telegraph company to the addressee. The writer thinks that both on principle and authority an addressee of a telegram may recover of a telegraph company damages for injury proximately caused by its negligent delay in delivery. But it is not necessary to pass on this question; for, conceding the right of the addressee to recover damages in a proper case, the petition does not set forth a cause of action.

Where a breach of duty is alleged, the addressee can not recover compensatory damages unless the facts show an injury proximately

resulting from the tortious act. The plaintiff does not allege a binding contract between himself and the Bridge and Construction Company, but only an understanding that the bridge company could procure his services, when wanted, at a stated salary. The telegram, in connection with his averments on this subject, would not evidence a closed deal. The telegram was interrogative. Suppose it had been promptly delivered and the addressee had replied in the affirmative. Still there would have been no contract between the bridge company and the plaintiff. All the transaction could amount to would be an inquiry as to the preparedness and willingness of plaintiff to work with the bridge company at that particular time. The bridge company was under no obligation to hire the plaintiff, even had the company received a prompt affirmative response to its telegraphic inquiry. This being so, the plaintiff had no contract with the bridge company, and it can not be presumed that it would have made one had the telegram been promptly delivered. The failure to get employment with the bridge company was not proximately caused by the delay in the delivery of the telegram. See *Clay* v. *W. U. Tel. Co.,* 81 *Ga.* 285; *Richmond Hosiery Mills* v. *W. U. Tel. Co.,* 123 *Ga.* 216; *W. U. Tel. Co.* v. *Watson,* 94 *Ga.* 202. In *W. U. Tel. Co.* v. *Hines,* 96 *Ga.* 688, it appeared that the plaintiff had an understanding with his former employer that should the latter secure a contract then in contemplation, the former was to return and engage in the same work under the new contract, until it was completed, at a certain salary. His employer secured the contract and telegraphed him: "Have work, come at once." This telegram would have closed the contract with the plaintiff's former employer, and it was accordingly held that the telegraph company was liable to the plaintiff in such damages as arose from its negligence in failing to deliver the message to him in due time. The dissimilarity in the facts of this case and the one in hand is glaringly apparent. The allegations set out in the plaintiff's petition did not entitle him to recover compensatory damages for the injury alleged to have been sustained.

*Judgment affirmed. All the Justices concur, except Beck, J., who did not preside.*