### 297.  BASHINSKY *v.* WESTERN UNION TELEGRAPH CO.

1. The action being for damages on account of failure to deliver in reasonable time a telegram for the purchase of cotton, by which failure the plaintiffs were prevented from effecting a sale of the cotton and lost a contract from which, if the message had been correctly delivered, they would have made certain commissions, and the terms and conditions of the contract not being alleged so as to inform the defendant of its character and the amount of commissions contracted for, if any, and so as to enable it to be determined whether a contract or a proposal to contract was the subject-matter of the suit, a special demurrer to the petition was properly sustained.

2. While a telegraph company is bound properly and promptly to transmit and deliver a message sent in cipher, if it undertakes to transmit the same, such company is not chargeable with knowledge of the contents and meaning of words used in sending messages in cipher, and which are purposely unintelligible except to the addressee. In such case the only presumption with which the telegraph company is chargeable is knowledge of the importance of the message.

3. Consequently, in a case where it is alleged that damage has resulted from failure either to transmit or promptly deliver a message in cipher, which message either embodies or completes the contract, and the ful-

filment of which contract as alleged would have been profitable to the plaintiff, and the loss whereof, as alleged, has endamaged him, it is incumbent upon the plaintiff to translate such cipher telegram in the petition, so as to put the defendant upon notice of its contents and properly enable him to prepare his defense.

4. Where the alleged loss and damage, and the question as to whether there was a contract or not, and as to whether such contract, if shown to exist, and if it had been performed by the addressee, included profits or commissions, as alleged, can be determined only by a knowledge of the contents of such telegram, and such cipher message is unintelligible, a special demurrer to the allegations that a contract was lost by reason of delay in delivery of the message, and that by said contract the plaintiff would have made commissions, is properly sustained upon the ground that the allegations are too vague, indefinite, and uncertain.

Action for damages, from city court of Sandersville—Judge Hyman.   October 24, 1906.

Argued April 30,—Decided May 9, 1907.

*Evans & Evans,* for plaintiffs.

*Joseph H. Hall, Warren Roberts,* for defendant.

RUSSELL, J.   Bennett & Company sued the telegraph company in the city court of Sandersville, for $1,999.99, damages for an alleged delay of two hours and thirty minutes in the delivery of the following cipher message: "Minnoben, Sandersville, Georgia. Devium Lichbades digrassa licoperdo gabbiola marntium argeorum liabamus balance haspicoll bemen." Plaintiffs alleged that this telegram was from a broker in Bremen, for the purchase of two hundred bales of middling lint cotton, each weighing five hundred pounds, at the price of 6.20 *d* per pound for middling cotton and 6.25 *d* for good middling. Plaintiffs alleged further that they immediately wired their acceptance of the offer for the purchase of said cotton, but, by reason of the delay in delivering the original telegram sent them from Bremen, their reply reached Bremen too late, and they were thereby prevented from effecting the sale of the cotton, and lost a contract by which they would have made commissions of $1,999.99 had the message to them been promptly delivered. Plaintiffs further alleged that if the message had been delivered in a reasonable time, or even an hour sooner, they would not have sustained any loss, but would have been able to make and carry out the contract, and make their commission in the sum aforesaid. The defendant demurred to those portions of the third and fourth paragraphs of plaintiffs'

petition in which it is alleged that, by reason of the delay in the delivery of the message, a contract was lost, by which contract plaintiffs would have made commissions; upon the ground that the allegations as to the contract and the commissions are too vague, indefinite, and uncertain, and do not put the defendant specifically on notice as to the character and terms of the contract, the amount of the commissions contracted for, or what would have accrued to the plaintiffs upon the completion of the contract. This demurrer was sustained, and, no amendment being offered, the trial judge dismissed the suit; and this judgment is now alleged to be erroneous.

It can not be seen, from the allegations of the petition, how the plaintiffs were damaged. No right to recover damages is alleged. It is nowhere distinctly alleged that the plaintiffs had a contract with the sender of the message. On the contrary, from the distinct averment in the fourth paragraph of the petition, that they "would have been able *to have made* the contract," etc., it can only be inferred that they did not have such a contract as would have bound the sender of the message. They lost nothing but a chance to make something. It was a case of lost opportunity, but the plaintiffs were in the same condition after receiving the telegram as they were before, except the expense of their reply, which was sent "at a venture." It is averred that if the plaintiffs had received the telegram in time, they would have made $1,999.99. They might have done this if they had been able to make the contract, or they might not. No contract is set out. The defendant had the right to be informed. From the fact stated in the petition, that a reply had to be sent and received at Bremen by 10:30 o'clock, a. m., it is evident that there was no contract, but only a proposal to contract. Thus viewed, plaintiffs' complaint is that the defendant failed to deliver in time the offer of the Bremen cotton buyers to take two hundred bales of cotton at the price named; and the ruling in *Richmond Mills* v. *Tel. Co.*, 123 *Ga.* 222, becomes applicable. "Compensatory damages can not be recovered of a telegraph company for failure to send or deliver a mere proposal to sell, . . as they are contingent upon its acceptance." Beatty Lumber Co. *v.* Tel. Co., 52 W. Va. 410, and cit. And in the Beatty case (p. 414) the court says further, "The trouble . . is that there was no finished contract between

the parties, but only a proposal for a contract; and there can be no contract without both a proposal and its acceptance. The failure of the telegraph company did not cause the breach of a consummate contract. It only · prevented one that might or might not have been made."

The whole question is most clearly stated by Justice Evans, in *Wilson v. Western Union Tel. Co., 124 Ga. 131.* In that case the plaintiff, Wilson, had an understanding with a bridge construction company that the. company could procure his services when wanted, at a stated salary. The bridge company later, desiring Wilson's services, sent to Wilson at Waycross, Georgia, a telegram in these words: "Can you commence work next week? Answer." The delivery of this message was delayed *ten days* from the date of its reception, although it could have been delivered in a very few minutes either at Wilson's residence or at his place of business, and when it was delivered the senders of the telegram had made other arrangements. As said in that case: "The telegram, in connection with the averments on this subject, would not evidence a closed deal. . . Suppose it had been promptly delivered and the addressee had replied in the affirmative. Still there would have been no contract between the bridge company and the plaintiff. . . The failure to get employment with the bridge company was not proximately caused by the delay in the delivery of the telegram." In· the trial court the case was dismissed on general demurrer; and the judgment was affirmed.

We think that the defendant had the right to be informed in the petition as to what was the meaning of the cipher telegram, so as to be enabled to properly prepare its defense. The language is absolutely unintelligible except to those who may have been instructed in the particular cipher code used. A telegraph company is required to transmit and promptly deliver telegrams sent in cipher, but the telegraph company is not presumed to be advised of the contents or meaning of the message, further than that it is to be presumed important. If the importance of the message is recognized and it is promptly delivered, it is immaterial whether the telegraph company knows the meaning of a single word therein contained; because it is none of its concern. But if it be claimed that the message was not properly or promptly transmitted or delivered, and that, by reason of negligence in any respect, injury or

loss resulted, and suit is brought to recover damages therefor, then knowledge of the contents of the message becomes material to the defendant in preparing his defense, as it will be material to the jury on the trial, in determining whether there is any damage, and, if so, how much. The defendant has the right to be plainly apprised, in the petition, of every matter necessary to be proved on the trial; and as it must be admitted that the words would have to be translated for the court and jury on the trial, so they should have been translated in the petition for the defendant. For failure to so interpret the cipher message and embody the translation in the petition, the demurrer of the defendant, that the allegations as the contract do not put defendant on notice as to the terms or character of the contract, was well taken and properly sustained.

So far as we are aware, it has never been held that a company engaged in the transmission of a message chargeable with knowledge of the contents of telegrams sent in cipher. The decision in the *Fatman* case, 73 *Ga.* 285, was based on the earlier ruling in *Western Union Telegraph Company* v. *Blanchard*, 68 *Ga.* 299, that the telegram, though in singular and unintelligible language, put the company on notice that it related to important commercial business, and required reasonable and ordinary dispatch.

We not only have no hesitation in holding that the trial judge was right in sustaining the special demurrer; but we think that the petition would be subject to even a general demurrer or oral motion to dismiss, as setting forth no cause of action. It was settled in the *Clay* case, 81 *Ga.* 287, that profits anticipated from a contract from which, if the contract had been made; profit would have accrued, afforded no basis for the recovery of damages as against one who merely prevented the contract. In the *Clay* case (in which the allegations as to the exact point now being considered were similar to those in this case) the declaration was demurred to orally, on the ground that it set forth no cause of action. And this petition could safely have been dismissed upon the same ground, if the ruling in the *Clay* case was sound. It is based on the settled principle that the damages are too remote and uncertain to be the basis of recovery.

*Judgment affirmed, with direction.*