320.   WESTERN UNION TELEGRAPH COMPANY *v.* COOPER.

RUSSELL, J.   1. This case is controlled by the decision of the Supreme Court in *Brooke* v. *Western Union Telegraph Company,* 119 *Ga.* 695, 46 S. E. 826, and cases therein cited, in which it is held that in the transmission of a telegraphic message the telegraph company is the agent of the sender, to whom, and not to the company, the recipient must look for damages arising out of error in the transmission of the message.

2. The contract for sending a telegraphic message is made with the sender, and not with the addressee or sendee; and hence any action brought by the sendee for delay in delivery must be an action ex delicto for breach of public duty due to the negligence of the telegraph company in failing to transmit or deliver a message in accordance with its legal duty.   As held in the case of *Wilson* v. *Western Union Telegraph Company,* 124 *Ga.* 122, 52 S. E. 153, an action by the sendee must allege a breach of duty.   The only right of action of the sendee is for the tort arising out of the breach of a legal duty, of which a justice's court has no jurisdiction.   Nor does an appeal to the superior court invest such court with jurisdiction.   *Berger* v. *Saul,* 109 *Ga.* 240, 34 S. E. 1036.

3. A suit in a court having no jurisdiction of the subject-matter is a nullity, and when it appears from the record that a judgment has been rendered by a court having no jurisdiction of the subject-matter, that judgment will be reversed, although the point may not have been raised in the lower court.   "Consent of parties . . can not give a court jurisdiction of a subject-matter when it has none by law; and when this court discovers from the record that a judgment has been rendered by a court having no jurisdiction of the subject-matter, and the case is brought here for review upon writ of error, this court will of its own motion reverse the judgment."   *Smith* v. *Ferrario,* 105 *Ga.* 53, 31 S. E. 38.                                                    *Judgment reversed.*

Appeal, from Gwinnett superior court—Judge Reagan presiding.   December 13, 1906.

Argued May 7,—Decided July 25, 1907.

Dorsey, Brewster, Howell & Heyman, Lamar Rucker, for plaintiff in error. *M. D. Irwin, R. B. Fortune,* contra.