Partnership, 30 Cyc. p. 413, n. 15; p. 475, n. 27.

---

### 18100.  CRANFORD v. WESTERN UNION TELEGRAPH CO.

It not appearing that the compensatory damages sought in this case were proximately caused by the alleged tortious conduct of the defendant in failing to deliver a telegram, the demurrer to the petition, that such damages were "too uncertain, remote, and speculative to be the basis of a recovery," was properly sustained.

DECIDED JUNE 14, 1927.

Damages; from city court of Valdosta—O. W. Franklin, judge pro hac vice.  April 12, 1927.

*Copeland & Dukes,* for plaintiff.

*T. G. Connell, E. K. Wilcox,* for defendant.

LUKE, J.  J. G. Cranford sued the Western Union Telegraph

---

Pleading, 31 Cyc. p. 78, n. 95; p. 81, n. 10.

Telegraphs and Telephones, 37 Cyc. p. 1725, n. 89; p. 1754, n. 31; p. 1755, n. 33; p. 1756, n. 38, 39, 40.

Company for compensatory damages alleged to have been sustained by him because of the failure of said company to transmit and deliver a telegraphic message. The defendant demurred to the petition, because the damages sought were "too uncertain, remote, and speculative to be the basis of a recovery," and the question for decision is whether or not the trial judge erred in sustaining this demurrer.

The gist of the case presented by the petition follows: The plaintiff owned a mineral and oil lease on forty acres of land located in Union county, Arkansas. On or about December 19, 1925, J. R. Walker, a resident of said State, wrote on ordinary paper the following telegram: "J. G. Cranford, Valdosta, Ga. Came here yesterday. Dumas well about as previously advised. Several locations made, one in N. E. corner of N. E. ¼, Section 8. Can sell your 30 acres for $100.00 per acre cash, $150.00 per acre in oil. This is top of market, and in view particularly of short-lived lease, my advice is to sell. Wire me what to do. [Signed] J. R. Walker." Walker delivered said message to H. M. Wyatt, to be forwarded by the defendant to the petitioner at Valdosta, Ga. On the 18th or 19th day of December, 1925, Wyatt copied said message on a Western Union Telegraph blank and delivered it to defendant's agent at El Dorado, Arkansas; and said agent, after being paid the charges on said telegram, accepted same for transmission. Said message was never delivered to the plaintiff or at his office or residence in Valdosta, though messages had often been delivered to him by defendant at both places, and though both could easily be found at all times. H. M. Wyatt was the person with whom said Walker was negotiating, on behalf of the petitioner, for the sale of thirty acres of said lease; and Wyatt was ready, willing, and able to buy said thirty acres of said lease, and to pay therefor $100 per acre in cash, and an additional $150 per acre in oil, provided said lands produced oil when a test was made; and had Wyatt been advised by Walker on behalf of petitioner, within four or five days after the date of said message, that petitioner would accept $100 per acre cash and $150 per acre in oil, Wyatt would have purchased thirty acres of said lease on said terms. Had petitioner received said message, he would have offered to sell on the terms and conditions therein stated, and would have caused his offer to be communicated to Wyatt by Walker, who

was acting for the petitioner. The petitioner was not, at any time after said message should have been delivered, able to dispose of his said lease, or any portion thereof, for any sum whatever. Said lease has expired, and petitioner was deprived of the opportunity to dispose of his said lease for $3000 in cash as the direct and proximate result of the defendant's negligence in failing to promptly transmit and deliver said message.

Construing the foregoing petition most strongly against the pleader, as we are bound to do under the attack of the demurrer, it fails to set out a cause of action. Walker's telegram did not contain an offer of any one to purchase, but contained a mere statement on his part that he could sell upon certain terms, with an inquiry as to whether or not Cranford would do so. Certainly the receipt of this telegram by Cranford would have made no contract of sale. Again, if said telegram had been promptly delivered to Cranford and he had advised Walker that he would sell upon the terms indicated, there would yet have been no contract between Cranford and Wyatt until Walker advised Wyatt of Cranford's offer and Wyatt accepted it: and it does not appear that Wyatt was legally bound to accept such offer. In short, the damages sought to be recovered were "too uncertain, remote, and speculative to be the basis of a recovery," and it can not be said that any injury proximately resulted to the plaintiff from the alleged tortious act of the defendant. *Wilson* v. *W. U. Tel. Co.*, 124 *Ga.* 131 (52 S. E. 153); *Clay* v. *W. U. Tel. Co.*, 81 *Ga.* 285 (6 S. E. 813, 12 Am. St. R. 316); *W. U. Tel. Co.* v. *Watson,* 94 *Ga.* 202 (21 S. E. 457, 47 Am. S. R. 151); *Richmond Hosiery Mills* v. *W. U. Tel. Co.*, 123 *Ga.* 216, 224 (51 S. E. 290); *Bashinsky* v. *W. U. Tel. Co.*, 1 *Ga. App.* 761 (58 S. E. 91).

The case at bar is distinguished from *W. U. Tel. Co.* v. *Fatman,* 73 *Ga.* 285 (54 Am. R. 877), and *Dodd Grocery Co.* v. *Postal Telegraph-Cable Co.*, 112 *Ga.* 685 (37 S. E. 981), strongly relied on by the plaintiff in error, in that in these cases "there was a failure to correctly transmit or promptly deliver a message which would have closed a contract, the direct result of which failure was to cause a loss." See *Richmond Hosiery Mills* v. *W. U. Tel. Co.*, supra.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*