368

## 27232. KALER PRODUCE COMPANY *v.* POSTAL TELEGRAPH-CABLE COMPANY.

DECIDED JANUARY 23, 1939.

*Hooper & Hooper, Samuel A. Miller,* for plaintiff.

*Crenshaw, Hansell & Gunby, Russell M. Striplin,* for defendant.

SUTTON, J. Kaler Produce Company filed suit against Postal Telegraph-Cable Company, alleging that it was engaged in the wholesale produce business, buying produce in the lower and central portions of Florida and shipping to Atlanta and other centers for resale, and that on November 20, 1937, it purchased a portion of a load of produce, consisting of beans, okra, eggplant, squash, peppers, and cucumbers at Okeechobee, Florida, for shipment to Atlanta by way of Wauchula, Florida, at which latter point there was to be picked up additional produce by its automobile truck and the entire load to be brought on to Atlanta; that the portion of the produce picked up at Wauchula, Florida, was purchased from one Leslie Hord, and that plaintiff instructed its driver to wire or have Hord wire the time of departure of said truck from Wauchula headed for Atlanta; that during the evening of November 20, 1937, said Hord wired plaintiff in Atlanta that its truck had left and also advising the quantities of produce loaded by himself, and that said wire was filed with defendant's office and agent at Wauchula during that evening, the exact time of filing said wire being known to the defendant; that the truck left Wauchula in charge of one of plaintiff's drivers and headed for Atlanta; that the wire was addressed to plaintiff in Atlanta, Georgia, sent as a night letter, and in the course of ordinary and careful handling would have been delivered to plaintiff in Atlanta on the morning of November 21, 1937, but that because of negligence on the part of the agents and servants of the defendant, whose identities are known to the defendant but unknown to the plaintiff, the message was not delivered

to plaintiff on the morning of November 21, 1937, but was delivered on the morning of November 22, 1937; that the weather in Atlanta and in Georgia generally on the night of November 20, 1937, was extremely cold; that plaintiff, by reason of the fact that it did not receive a wire advising that the said truck had left Wauchula, assumed that the same was being held at that point; that the truck proceeded on to Atlanta and the produce therein was frozen and almost completely destroyed. The petition then set forth the inventory of the produce of the total value of $770.57, and alleged that, in addition to the cost of said produce, plaintiff incurred an expense of $110 for hauling and handling the produce, and a further cost of $24.80 in separating the frozen and ruined produce from that which was not frozen or ruined; that the defendant's local city superintendent was immediately advised of the damage above described and inspected the same, instructing plaintiff to sell the portion which could be salvaged at the best possible advantage, and that after separating the salable portion of the produce plaintiff was able to realize the sum of $180.45 therefrom. It was alleged that the defendant was negligent in failing to deliver said message in a careful manner and with proper dispatch, in failing to deliver the message for a period of approximately a day and a half, and in failing to provide service as required by law of telegraph companies, and that by reason thereof plaintiff was prevented from stopping the truck in Florida before it reached the cold weather areas in the vicinity of Atlanta, Georgia, where the damage occurred. Judgment was prayed for $725.92 with interest and cost. The defendant filed a general demurrer, and the exception is to the judgment sustaining the demurrer.

It is apparently conceded by counsel for the plaintiff in error that the petition, if treated as an attempt to set forth a cause of action for breach of contract, is not good against the general demurrer interposed, inasmuch as it could not reasonably be said that the damage sustained was in the contemplation of the parties at the time of the filing of the telegram in question. But it is contended that the petition sets out a cause of action ex delicto, and that the trial court erred in sustaining the general demurrer. Construing the petition most strongly against the pleader, as must be done when it is attacked by general demurrer, we do not think that even a cause of action in tort was set forth. The compensatory

damages sought in the present case were too uncertain, remote, and speculative to authorize a recovery, and it can not be said that any injury proximately resulted to the plaintiff from the alleged tortious act of the defendant. All that is shown by the petition is that, by reason of the delay in the delivery of the telegram addressed to the plaintiff, it lost a mere opportunity or possibility of stopping the truck before it reached the "extremely cold weather" prevailing in Atlanta and "in Georgia generally." Whether, if the opportunity or possibility had been afforded the plaintiff, it could have succeeded in getting in touch with the driver of the truck and have had him forbear driving into the "cold weather areas in the vicinity of Atlanta where said damage occurred" is too uncertain, remote, and speculative to justify a recovery from the defendant. It is not shown that the plaintiff knew by what route the truck would travel from Wauchula to Atlanta, or that it had any method or arrangement for establishing contact with the driver of the truck en route. The truck left Wauchula, Florida, not later than the "evening" of November 20, 1937. It is not contended that the "night-letter" telegram should have been delivered before the morning of November 21, 1937. Thus, for all that the petition shows, if the message had been delivered as early as 8 o'clock on the morning of November 21, 1937, and the truck had not left Wauchula until in the "evening," it could have been traveling for about fourteen hours at the time the message should have been delivered in Atlanta. At an average rate of speed of thirty miles an hour the truck would have traveled 420 miles. At thirty-five miles an hour it would have traveled 490 miles. In view of the allegation of the petition that the extremely cold weather existed "in Georgia generally" it is reasonable to suppose that such traveling would have put the truck where the produce would have been damaged by the weather. The contrary is not alleged by the petition. It is not made to appear how far south the "vicinity" of Atlanta extended, but the petition does not negative the fact that even had the telegram been received in due time the damage to the produce could have already resulted because of the act of the driver in negligently continuing towards Atlanta and into the extremely cold weather existing in Georgia generally at that time.

Ordinarily the question of proximate cause is for the jury, but where, as here, the specific allegations of the petition itself show

that the compensatory damages claimed were too uncertain, remote, and speculative, as related to the delay in the delivery of the telegram, to authorize a recovery, the judgment of the trial court in sustaining the general demurrer was entirely proper. This case is controlled in principle by *Bachinsky* v. *Western Union Tel. Co.,* 1 *Ga. App.* 761 (58 S. E. 91); *Western Union Tel. Co.* v. *Manson,* 21 *Ga. App.* 737, 740 (94 S. E. 1033); *Western Union Tel. Co.* v. *Murrow,* 39 *Ga. App.* 158 (146 S. E. 560); *Clay* v. *Western Union Tel. Co.,* 81 *Ga.* 285 (6 S. E. 813, 12 Am. St. R. 316); *Western Union Tel. Co.* v. *Watson,* 94 *Ga.* 202 (21 S. E. 457, 47 Am. St. R. 151); *Richmond Hosiery Mills* v. *Western Union Tel. Co.,* 123 *Ga.* 216, 224 (51 S. E. 290); *Wilson* v. *Western Union Tel. Co.,* 124 *Ga.* 131 (52 S. E. 153).

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*