**MIDLAND VALLEY PLAZA, INC.,**
Plaintiff-Appellee,

v.

**GEORGIA RAILROAD BANK & TRUST
COMPANY, Defendant-Appellant.**

No. 75–4288.

United States Court of Appeals,
Fifth Circuit.

Nov. 22, 1976.

John D. Capers, O. Palmour Hollis, Augusta, Ga., for defendant-appellant.

Terrance P. Leiden, Augusta, Ga., for plaintiff-appellee.

Before RIVES,* GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

Midland Valley Plaza, Inc., a South Carolina corporation, brought this diversity action against the Georgia Railroad Bank & Trust Company for alleged negligent acts in the handling of Midland's loan application with Liberty Life Insurance Company of Greenville, South Carolina. Midland had

* Judge Rives was a member of the panel that heard oral argument but due to illness did not participate in this decision. The case is being decided by a quorum. 28 U.S.C. § 46.

sought an additional $150,000 loan to an existing loan previously executed by plaintiff Midland and serviced by Georgia Bank as correspondent agent for Liberty, which would have made a total loan obligation of $863,000 by plaintiff Midland to Liberty.

In addition to the negligence claims, Midland sought damages under the Sherman Anti-Trust Act, 15 U.S.C. § 1 et seq., the Clayton Antitrust Act, 15 U.S.C. § 12 et seq., and the Bank Holding Company Act, 12 U.S.C. § 1841 et seq. Claims under the antitrust acts were withdrawn before trial. Midland also claimed a $3,000 refund for sums advanced to Georgia Bank at the time of the filing of the loan application and $722.10 in damages for alleged negligent handling of an escrow account set up on a 1969 loan serviced by defendant on a mortgage loan by Liberty to Midland.

After submission, the jury returned a verdict for Midland based on written interrogatories in the amount of $18,250 for negligence of the Georgia Bank in processing Midland's application for the additional financing and $310.00 for negligence in failing to pay Midland's property taxes in April, 1974 out of the escrow account.

The principal claim submitted to the jury and its thrust of negligent acts was that the applications (two) for mortgage loan commitment on the additional $150,000 was mishandled by the bank on both applications—the first in early August, 1974; the second application near the middle of August, 1974. Also, that when the third application (August 23, 1974) for the mortgage loan commitment was submitted to Liberty the escalating interest cost prevented the granting of a commitment by Liberty at 8⅞% interest and resulted in damage to Midland because of the rate increase to 9⅛% interest.

■ The evidence shows some delay caused by the bank's error in computing the exact amount of the monthly repayments on the first two applications for the commitment, but the evidence also indicates delay by Midland in obtaining appraisals and engineering plats required by Liberty that would have prevented Georgia Bank from submitting and obtaining the commitment. Even though Georgia Bank might have committed error in computing the monthly pay-off, the prerequisites for the mortgage loan commitment which were the responsibility of Midland had not been met and thus Midland cannot charge the Georgia Bank with its failure to obtain a commitment. Even assuming that Midland properly presented the appraisal and necessary engineering plats to Georgia Bank for transmission to Liberty, there was no certainty that Liberty would have issued the mortgage loan commitment on a proper application. The evidence indicated that approval by the lender was contingent on approval by several committees and executive officers of Liberty before it would issue its contract of commitment to Midland. Thus viewed, Midland's complaint is that by reason of the defendant's negligence its application for a mortgage loan commitment was never presented to the lending agency. Midland's theory for recovery of damages is contingent upon acceptance by Liberty and the issuance of its commitment. The negligence of the correspondent bank did not cause the breach of a consummate contract. It only prevented one that might or might not have been made. Recovery under Georgia law would be too speculative. *See Richmond Hosiery Mills v. Western Union Telegraph Company,* 123 Ga. 216 at 223, 51 S.E. 290; *Atlanta Baking Company v. Postal Telegraph-Cable Company,* 69 Ga.App. 363, 25 S.E.2d 430. Where a party such as Midland sues for damages, it has the burden of showing the amount of loss in a manner in which the trier of facts can calculate the amount of loss with a reasonable degree of certainty. An allowance for damages cannot be based on guesswork. *See Big Builders, Inc. v. Evans,* 126 Ga.App. 457, 191 S.E.2d 290; *Studebaker Corporation v. Nail,* 82 Ga.App. 779, 62 S.E.2d 198.

■ Neither do we find evidence in the record of the trial of any improper handling of the escrow account which would permit recovery of $310.00 in damages against defendant bank.

We have carefully studied the pleadings, the exhibits introduced at the trial, the oral testimony in the record, and the confusing claims asserted during the three-day trial, and conclude that for the reasons above set out the district court erred in failing to grant a directed verdict for the defendant.

REVERSED.