THE ROME AND CARROLLTON CONSTRUCTION COMPANY *et al.*
*v.* SMITH *et al.*

Under act of congress approved March 3, 1887, where removal to the circuit court of the United States is sought by a non-resident defendant of a cause pending in the State court, on the ground of local influence and prejudice, the application should be made in the first instance to the circuit court, and not to the State court; and if, upon the hearing of such application, the circuit court shall be of the opinion that the applicant cannot receive justice in the State court on account of such influence or prejudice, it may direct the removal of the cause.

(a) The mere filing in the State court of the petition for removal and bond, was not of itself a removal of the cause. Until the United States court acquired jurisdiction, the same was retained by the State court, which could allow the plaintiffs to amend by striking

from their declarations the name of the defendant alleged to be non-resident.

January 13, 1890.

Removal of causes.    United States courts.    Jurisdiction.    Before Judge MADDOX.    Floyd superior court. March term, 1889.

Five separate actions for personal injuries were brought to the March term, 1888, of the State court, against the Chattanooga, Rome and Columbus Railroad Company, alleged to be a corporation of this State, and the Rome and Carrollton Construction Company, alleged to be a corporation of another State but doing business and having an office and agents in Georgia, and by contract operating the railroad.  On July 31, 1888, both defendants filed pleas of the general issue in all of the cases; and in the next October, they filed another plea to one of them.   On March 23, 1889, the construction company filed its petitions for the removal of the causes into the United States circuit court, sworn to and accompanied by affidavits and bonds, on the grounds that the controversies were between citizens of Georgia and defendants, of whom petitioner was a citizen of Connecticut, and because of local influence and prejudice against petitioner.    Thereupon the plaintiffs struck this petitioner as a defendant and dismissed their suits as to it; and on this ground, when the cases came on for trial, the court refused to take action on the removal papers and ordered the cases to proceed against the resident·defendant alone; the defendants objecting to any proceedings save inspection of the removal papers and the passage of a proper order for removal.    Bills of exceptions were filed in each case, and all were argued together in the Supreme Court.

DABNEY & FOUCHÉ and R. F. LYON, for plaintiffs in error, cited: 60 *Ga.* 423; 59 *Ga.* 17; 74 *Ga.* 634; 78

*Ga.* 662; 73 *Ga.* 44; 106 U. S. 122; Acts of Congress 1886–87, p. 553; 32 Fed. Rep. 417; 35 *Id.* 849; 36 *Id.* 81; 33 *Id.* 114; 34 *Id.* 225, 561; 28 Cent. L. J. 109, 299; Rev. Stat. U. S. §§639, 640; 113 U. S. 73, 79; 119 *Id.* 464–7; 66 *Ga.* 381; 77 *Ga.* 659.

ALEXANDER & WRIGHT, WRIGHT, MEYERHARDT & WRIGHT, BLANCE & NOYES, DEAN & SMITH and J. J. NORTHCUTT, *contra,* cited: Rev. Stat. U. S. §639; Dill. Rem. C. 17, 18, 19, 26, 31; Acts of Congress 1886–87, p. 552; Code, §§3447, 3452, 5310; 41 *Ga.* 252, 417; 45 *Ga.* 104; 47 *Ga.* 310, 327; 59 *Ga.* 19; 60 *Ga.* 427–8; 78 *Ga.* 662; 68 *Ga.* 728; 40 *Ga.* 1; 43 *Ga.* 183; 74 *Ga.* 634; 76 *Ga.* 681; 16 Alb. L. J. 392; 39 Fed. Rep. 625, 626, 629, 881, 885; 38 *Id.* 377, 535–7, 673, 769, 865, 868; 36 *Id.* 451; 35 *Id.* 625; 33 *Id.* 81, 114; 118 U. S. 54; 113 *Id.* 742; 117 *Id.* 432; 131 *Id.* 243–4.

BLANDFORD, Justice.

In each of these cases a petition for removal from the State court to the United States circuit court upon ground of local influence and prejudice, supported by affidavit with bond, was filed in the superior court where the actions by the defendants in error against the plaintiffs in error were pending, and this at the trial term. The petitions for removal were not accepted by the court, and amendments were allowed in each case, striking from the case the Rome and Carrollton Construction Company, one of the defendants, which was alleged to be a foreign corporation not resident in this State, and each case was discontinued as to said defendant; and the court thereupon proceeded to the trial of the cases as against the Chattanooga, Rome and Columbus Railroad Company. This action on the part of the court was excepted to; and it is insisted before us that such action was illegal, because, by virtue of the fact that the petition and bond for removal had been filed

in that court, the court had no jurisdiction to proceed with the trial or to render judgment allowing the amendments and the discontinuance of the cases as to the Rome and Carrollton Construction Company. So the question before us is whether, under the act of Congress approved March 3d, 1887 (Statutes of U. S., 1886-7, chap. 373, p. 552), a case can be removed by a non-resident defendant from the State court into the circuit court of the United States by merely filing a petition alleging that "from prejudice or local influence he will not be able to obtain justice in such State court, or in any other State court to which the said defendant may under the laws of the State have the right on account of such prejudice or local influence to remove said cause."

The first section of this act of Congress confers jurisdiction upon the circuit court of the United States, and provides "that the circuit courts of the United States shall have original cognizance, concurrent with the courts of the several States, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of $2,000, and arising under the constitution or laws of the United States, or treaties made or which shall be made under their authority, or in which controversy the United States are plaintiffs or petitioners, or in which there shall be a controversy between citizens of different States, or a controversy between citizens of the same State claiming lands under grants of different States, or a controversy between citizens of a State and foreign States, citizens or subjects, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid." The second section of the act provides for removal of causes into the United States circuit court, and is to the effect that "any suit of a civil nature, at law or in equity, arising under the con-

v 84-16

stitution or laws of the United States, or treaties made
or which shall be made under their authority, of which
the circuit courts of the United States are given original
jurisdiction by the preceding section, which may now
be pending or which may hereafter be brought in any
State court, may be removed by the defendant or de-
fendants therein to the circuit court of the United
States for the proper district, by the defendant or de-
fendants therein being non-residents of that State; and
when in any suit mentioned in this section there shall
be a controversy which is wholly between citizens of
different States, and which can be fully determined as
between them, then either one or more of the defendants
actually interested in such controversy may remove said
suit into the circuit court of the United States for the
proper district, *at any time before the trial thereof*, when
it shall be made to appear to said circuit court that from
prejudice or local influence he will not be able to obtain
justice in such State court, or in any other State court
to which the said defendant may, under the laws of the
State, have the right, on account of such prejudice or
local influence, to remove said cause." The third sec-
tion of the act provides that "whenever any party en-
titled to remove any suit mentioned in the next preced-
ing section, except in such cases as are provided for in
the last clause of said section, may desire to remove such
suit from a State court to the circuit court of the United
States, he may make and file a petition in such suit in
such State court at the time, or any time before the de-
fendant is required by the laws of the State or the rule
of the State court in which such suit is brought to an-
swer or plead to the declaration or complaint of the
plaintiff, for the removal of such suit into the circuit
court to be held in the district where such suit is pend-
ing, and shall make and file therewith a bond, with good
and sufficient security, for his or their entering in such

circuit court on the first day of its then next session, a copy of the record in such suit, and for paying all costs that may be awarded by the said circuit court if said court shall hold that such suit was wrongfully or improperly removed thereto, and also for their appearing and entering special bail in such suit if special bail was originally requisite therein. It shall then be the duty of the State court to accept said petition and bond, and proceed no further in such suit, and the said copy being entered as aforesaid in said circuit court of the United States, the cause shall then proceed in the same manner as if it had been originally commenced in the said circuit court."

We think it is clear, under this act of Congress, that where the removal is sought upon the ground of prejudice or local influence, the application for removal should be made to the circuit court of the United States, and not to the State court; because, by the third section of the act, it is provided that cases under the first clause of the second section may be removed upon petition and bond filed in the State court; and cases falling within the second clause of the second section, which is that clause which refers to prejudice and local influence, are excepted specially from the provisions of the third section, which provides for the removal by petition and bond in the State court. Indeed, it appears from this section of the act that, before the removal can be effected, it shall be made to appear to the circuit court that from prejudice or local influence the petitioner will not be able to obtain justice in the State court. It seems to us from reading this act, that the application should be in the first instance made to the circuit court; and if upon the hearing of the same by the circuit court that court shall be of the opinion that the applicant cannot receive justice on account of prejudice or local influence, that court should direct the removal of the cause from the

State court into the circuit court of the United States.
And to this effect was the opinion of Brewer, J., in the
case of Short *v.* Chicago, M. & St. P. Ry., 33 Fed. Rep.
114, in which he holds: " Before a removal can be had
on the ground of prejudice or local influence, there must
be shown to the circuit court of the United States the
existence of such prejudice or local influence. . . .
There is a question of fact which the circuit court must
determine, and it cannot order the removal until it ap-
pears that such prejudice or local influence exists." The
same learned judge, in 34 Federal Reporter, 225, in a
case between the same parties, reiterates what was stated
by him in the case already cited. It is stated by Judge
Speer, of the Southern District of Georgia, in a book
published by him on the Removal of Causes from the
State to Federal Courts, p. 64, that the application is
made to the circuit court, and "that court is in a posi-
tion to determine in the first instance whether the cause
is properly removable; and when it has so determined,
it has the power to obtain a transcript of the record of
the State court by *certiorari,* or custody of the person
held under the State process, by *habeas corpus cum causa,*
or by other appropriate writ."

We think that in these cases the mere filing in the
State court of the petition for removal and the bond,
was not of itself a removal from that court to the circuit
court of the United States, and that the State court did
not lose jurisdiction; and we think, therefore, that the
court had the right to allow the plaintiffs to amend their
declarations and discontinue the cases as to the Rome
and Carrollton Construction Company, and to retain
jurisdiction of the same. Jurisdiction of a case com-
menced in the courts of this State and pending therein
remains in the State courts until the circuit courts of
the United States acquire jurisdiction of such cases ac-
cording to law; and when the United States courts

acquire such jurisdiction, the jurisdiction of the State courts ceases, and not until then, and they may lawfully proceed with such cause.          · *Judgment affirmed.*