GIBSON *v.* WILKINS, NEELY & JONES *et al.*

When the plaintiff in an equity case, in whose favor a verdict has been returned upon the only material issue involved in the pleadings as they stood at the time the case was submitted to the jury, sues out an apparently meritorious bill of exceptions, alleging, among other things that the court erred in refusing to allow specified amendments to his petition and in striking designated portions thereof on demurrer, that as a consequence other material issues were withheld from the jury, and that he was thus denied additional relief to which he was entitled; and when in the argument here the fact is disclosed that the defendants have filed a motion for a new trial which is still pending, and it is, in view of the nature of the case, so far as the same can be gathered from the record in hand, probable that either a general reversal of the judgment or a reversal with direction that only the issues last referred to be submitted to a jury might operate unjustly to one side or the other, this court, in the exercise of the power

conferred upon it by the Civil Code, § 5586, will order that the bill
of exceptions be withdrawn and filed again in the office of the clerk
of the trial court, and that upon this being done it shall have all
-the force and effect of exceptions pendente lite duly and lawfully
filed, with the right to the plaintiff to avail himself of any and all
benefits to which he may be entitled thereunder after the final dis-
position in the court below of the motion for a new trial.

Argued February 6, — Decided March 1, 1900.

Practice in the Supreme Court.

*Lawson & Scales* and *R. O. Lovett,* for plaintiff.
*E. H. Callaway* and *J. R. Lamar,* for defendants.

LEWIS, J. John P. Gibson obtained a judgment in Burke su-
perior court against R. C. Neely, administrator of the estate of
W. I. Steiner, for $6,000.00 principal, and $1,296.48 interest to
judgment. This judgment was rendered on June 5, 1896, and it
appears it was founded upon a suit on a note given by the de-
ceased to the plaintiff, which was secured by deed made by the
maker to the payee of the note, conveying a large tract of land in
Burke county. The judgment obtained was not only a general
one, but a special one upon the land described in this deed. That
land was levied upon under a fi. fa. issued upon this judgment,
to which the defendants in error, Wilkins, Neely & Jones, inter-
posed a claim. At the October term, 1897, an equitable petition
was filed in Burke superior court by John P. Gibson against the
claimants, and against R. C. Neely as administrator of the estate
of Steiner, and also against one Scudder. In this petition it was
substantially alleged that on February 23, 1889, the deceased,
W. I. Steiner, executed and delivered her notes aggregating $9,-
068.90 to one A. L. Richardson, of New Orleans, La., and for
the purpose of securing their payment the maker delivered to
Richardson a security deed under the Code of 1882, § 1969 et
seq., conveying the land in question. Subsequently, on Novem-
ber 19, 1890, Steiner delivered to Wilkins, Neely & Jones a
mortgage deed covering the same property, as well as other prop-
erty, to secure an alleged indebtedness of $5,000.00. That
mortgage recited that it did not affect any other security already
given. On February 11, 1891, Steiner delivered to Wilkins,
Neely & Jones a mortgage for the sum of $6,000.00, covering

considerable personal property. There being default in the payment of the notes given by Steiner to Richardson, the former applied to loan brokers of Waynesboro, Ga., to negotiate and apply for a new loan, in order that she might discharge her indebtedness to Richardson, who was urging a settlement of same. Upon being informed that she could not procure such new loan as long as the liens that had been given to Wilkins, Neely & Jones remained existing and uncanceled, she applied to them to assist her in perfecting the necessary arrangement to secure the new loan, to which that firm readily consented, being anxious that the debt of Richardson should be settled, in order that Steiner might continue her farming operation, out of which they hoped to realize their debt. They stated they thought all their liens had been canceled, and if not, they promised and agreed, if the brokers would negotiate and secure the new loan for Mrs. Steiner, they would cancel and extinguish all liens of every kind and character on the property covered by the Richardson deed, which was to be offered as security for the new loan. Upon the faith of the agreement thus made, and the positive assurance of Wilkins, Neely & Jones that they held no liens or other papers against such property, and that all that had been given them had been theretofore canceled and marked satisfied, application was made for a loan of $6,000.00, the same being sufficient to pay the Richardson debt, which amount the petitioner, Gibson, advanced to Mrs. Steiner, and by her the same was paid to Richardson in extinguishment of his debt, and his deed was then marked satisfied and canceled upon the record. Mrs. Steiner secured said debt to petitioner by security deed under the Code of 1882, § 1969 et seq., which deed was dated October 30, 1893, and duly recorded. After this, Wilkins, Neely & Jones, having full knowledge of this deed to Gibson, in order to secure an alleged indebtedness of Steiner to them of $9,806.90, caused Mrs. Steiner, on May 1, 1894, to execute and deliver to them a mortgage covering the same property as conveyed in the Gibson deed.

Petitioner then recites the judgment obtained in Burke superior court at the December term, 1896, in his favor against R. C. Neely as administrator of W. I. Steiner, deceased, and also the levy of the execution issued thereon, and the claim filed to

the land by Wilkins, Neely & Jones, which was then pending in Burke superior court. Upon investigating the basis of the claim, petitioner, to his surprise, discovered that the records disclosed no actual cancellation of the paper dated November 19, 1890, from Steiner to Wilkins, Neely & Jones, which he asserts in equity and good conscience has been canceled so far as his rights and the priority of his judgment are concerned. Wilkins, Neely & Jones claimed to be large creditors of Steiner, and after her death applied for letters of administration on her estate through one of the members of the firm, R. C. Neely, who was duly appointed and qualified as administrator on November 5, 1894. Neely as administrator, on June 3, 1895, obtained leave to sell the equity of redemption in the land levied upon, subject to an alleged indebtedness to them of $5,000.00, and to the debt of petitioner of $6,000.00, and on July 2, 1895, sold said equity of redemption at public sale, and the same was knocked off to one Scudder, a son-in-law of said Wilkins, and brother-in-law of both Neely and Jones, for the nominal sum of $5.00. While the premises were bid off in the name of Scudder, it was in pursuance of an arrangement between him and Wilkins, Neely & Jones, in order that this firm might obtain possession of the premises, and reap the benefits of the rents of the place without accounting for the income, thus enabling them, should their mortgage deed be sustained, to compel petitioner to pay the amount of the alleged indebtedness of the deceased to them as it stood at the date of said sale, without giving credit for the actual amounts received by them. Scudder was a mere nominal party to the transaction, Wilkins, Neely & Jones being the real purchasers, and having since exercised all rights of ownership over the land. The petition attacks this administrator's sale as void, there being no salable title in the estate of Steiner, the deceased. It further charged that the administrator had made no annual returns for the year 1897, and no accounting for what he had done with the proceeds of the sale of the perishable property since his administration down to the present time; and charged that even if the paper of Wilkins, Neely & Jones, under which they claimed title, is prior in law under existing circumstances to the deed of petitioner, all the indebted-

ness of said Steiner to said firm would have been fully paid off and discharged. In accepting the administration, the administrator took possession of the tract of land levied on, and all other property belonging to the deceased, and held the same for the benefit of creditors and heirs; and having thus accepted said trust, he and his firm are in law and equity estopped from setting up any title in himself or them adverse to the title of his intestate. There was a prayer in this petition that the claim now pending be enjoined and stayed until the matters set up in the petition were adjudicated and determined; and that the lien of his judgment under said notes and deed be decreed superior in rank and dignity to the title or lien of claimants, and that the property levied upon be declared subject to the fi. fa.; that Wilkins, Neely & Jones be required to specifically perform their agreement as set out in the petition, and that the mortgage deed dated November 19, 1890, described in the petition, be canceled and delivered up; that the pretended sale of the equity of redemption in said property be declared null and void; that Neely be required to account fully and specifically for all assets that have come into his hands as administrator, and particularly for the proceeds from the sale of personal property, and the rents, issues, and profits from the realty from the date of his administration, including rents and profits since the sale of the equity of redemption down to the present time; and that said firm be required to account and show the true indebtedness of Steiner to said Wilkins, Neely & Jones, and what payments and credits have been made and entered by the administrator on the debt; and what amounts have been received by the firm, collectively or individually, from rents, issues, and profits of the land in question. There was also a prayer for general relief.

When the claim case was called for trial, the plaintiff in fi. fa. moved to amend the pleadings so as to enlarge the issues, and in the amendment offered set up matters mainly covered by the above equitable petition. The court finally required the claim and the equitable proceeding to be consolidated and tried together. A demurrer was filed by the defendants below to the equitable petition, and to the amendment offered in the claim case. This demurrer was sustained in part, and the effect of

the judgment of the court below was to eliminate from the case all claims and demands set up in the petition in relation to an attack made upon the administrator's sale of the equity of redemption in the land levied upon; and also all claims and demands for an accounting by the defendants for the rents, issues, and profits received from the land after the alleged illegal sale, and an accounting by the administrator for the personal property belonging to the estate. This left for the jury but one issue, and that was whether the land was subject to the special judgment lien plaintiff had obtained against the same upon his suit against the administrator. Upon this issue the jury returned a verdict in favor of the plaintiff against the land for the sum of $5,598.00, besides interest from October 30, 1893. The plaintiff filed his bill of exceptions in which he alleges error, among other things, in the judgment of the court sustaining the demurrer, in so far as the same was sustained, the contention being that, under the allegations in said amendment, plaintiff made a case which entitled him to the rents of the land which the defendents were charged with having collected. On the argument of the case in this court, it appeared that the defendants have likewise moved for a new trial, and that this motion is still pending in the court below. There is apparent merit in the bill of exceptions, and in view of the nature of the case, so far as the same can be gathered from the record before us, it is not unlikely that a general reversal of the judgment, or a reversal with direction that only the issues excluded from the jury by the ruling of the court complained of be referred and submitted to them, might operate unjustly to one side or the other. We think, therefore, that, under the power conferred upon this court by the Civil Code, § 5586, it is entirely consistent with the law and justice of this case to give it the direction indicated in the headnote. We do not mean to rule that the bill of exceptions in the present case was prematurely brought here, but simply to say that it presents such a state of facts as might render any judgment thereon in favor of one party or the other unjust; and the case can be more satisfactorily passed on after a determination of the issues presented in defendants' motion for a new trial now pending in the court below.

*Ordered accordingly.    All the Justices concurring.*