466.   JARRELL, by next friend, *v.* AMERICAN PIPE BEND-
ING MACHINE COMPANY.

The petition, while setting forth a transaction apparently actionable, did not set it forth with sufficient certainty; hence the court 'did not err in dismissing the action, upon timely special demurrer pointing out the deficiencies.

Action for damages, from city court of Atlanta—Judge Reid. March 20, 1907.

Argued October 14,—Decided November 11, 1907.

*William H. Withers, Thomas L. Bishop,* for plaintiff.

*Smith, Hammond & Smith, Frampton E. Ellis,* for defendant.

POWELL, J.   Jarrell brought suit against the American Pipe Bending Machine Company. At the first term, to the petition, a demurrer containing the general ground of no cause of action, and several special grounds, was filed. To meet the demurrer a series of amendments were filed by the plaintiff. The substance of the petition and of the additions made to it by the amendments is as follows, the matter inserted by the amendments being indicated by inclosure in parentheses:   (1) Defendant is a corporation, etc. (2) Petitioner is a minor of the age of fourteen years, and was in the employ of the defendant. Defendant knew that he had no experience (petitioner informed defendant that he was without experience), and knowingly put him to work on a very dangerous machine without warning him of the danger of operating said machine (by the foreman in charge of the works of the defendant company).   (3) On March 24, 1906, petitioner was at work upon a machine which had been assigned to him (by the foreman in charge of defendant's works who directed him how to run the machine, instructing him that if the drill should stop for any cause he was to throw the lever with his left hand, and stop the machine

or it would break the machinery, and petitioner was following the instructions given him at the time his hand was injured), and, not knowing of its dangerous character, attempted to stop the machine, as he had been directed to do, when his left hand was thrown violently and suddenly from the lever into the cogs of the machine, cutting off his forefinger from his left hand, bruising and mashing his left hand, making him a cripple for life. (4) Petitioner was in the place assigned to him (to wit, to work on a large steam drill, drilling holes in the heads of boiler heads) and in the discharge of his duties and without fault on his part; and the defendants were negligent: First, in putting said minor to work on a dangerous machine without giving him warning of the danger. Second: The defendants were negligent in not providing a safe place for the child to work. Third: The defendants were negligent in having a boy of his youth and size to work on that machine (petitioner being a small boy for his age), defendant knowing that it required more strength than petitioner [possessed] to throw the lever and hold the drill at the same time. (5) Petitioner was disfigured, suffered great pain, is permanently injured, etc. The court sustained the demurrer on both the general and the special grounds. This judgment is assigned as error.

We think that the petition is sufficient to withstand general demurrer. As to the special grounds, it occurs to us that the best way to dispose of them is to take them up seriatim and decide them as if they were a series of questions propounded to us. In the cases of *Cedartown Cotton & Export Co.* v. *Miles, 2 Ga. App. 79, 58 S. E. 289*, and *Southern States Portland Cement Co.* v. *Helms, 2 Ga. App. 308, 58 S. E. 524*, we discussed at some length the allegations necessary to a perfect suit by a servant against the master for personal injuries. In this opinion, reference will be frequently made to these two cases, and for brevity they will be cited as the *Miles* case, and the *Helms* case, respectively.

Should the demurrer to the above petition have been sustained, (1) because the same contains no allegations of fact showing that the danger complained of was unknown to the servant? No. Lack of actual knowledge may be stated directly and without elaboration. *Miles* case. (2) Because the same contains no allegations of fact showing that the danger complained of was known or ought to have been known by the defendant? No. *Miles* case,

*Helms* case. (3) Because the same contains no allegations of fact showing that the plaintiff did not have means of knowing of the danger complained of, equal to those of the master? No. The inexperience and youthfulness of the servant as opened to the knowledge always imputed to the master as to the nature of his instrumentalities make a prima facie case of inequality of means of knowledge. (4) Because the same does not contain any allegations of fact showing that the servant could not have known of the danger complained of, by the exercise of ordinary care? Yes. In the light of the insufficient and meagre description of the machine and of the dangerous element in it, this demurrer is well taken. *Miles* case. (5) Because, so far as the allegations of plaintiff's petition show, plaintiff had sufficient capacity to be sensible of danger, and the power to avoid it? No. In the form in which the ground of demurrer is stated, it is "speaking."

(6) Should the demurrer to the following portion of paragraph 2 of the petition, to wit, "Defendant knew that he [plaintiff] had no experience," have been sustained, (*a*) because there are no allegations of fact supporting the conclusion so pleaded? No. Total lack of experience is a fact which may be stated directly, just as total lack of knowledge may be. (*b*) Because there are no allegations showing what agent or servant of defendant whose knowledge was binding on it had the knowledge alleged? No. The amendment avoided this ground. (*c*) Because the expression "had no experience" is too vague and indefinite to permit or require defendant to join issue thereon? And in what particular plaintiff had no experience, or with reference to what kind and character of work, or machinery, or labor, is in no manner made plain? Yes. The allegations, as against this special demurrer, should have gone forward and have shown in what particular the plaintiff was inexperienced. As stated, it is too indefinite in this respect. (7) Should the demurrer to the following portion of paragraph 2 of the petition, to wit, "On a very dangerous machine," have been sustained, (*a*) because the same is a mere conclusion unsupported by any allegations of fact, and how and why and in what particular said machine was "very dangerous" is not set forth; what danger complained of is not stated, and no allegations of fact are made which throw any light on what is meant by said expression "very dangerous?" Yes. See the *Miles* case

for a discussion of the particularity with which the nature of the machine and the dangerous element in it must be set forth. (*b*) Because what and where said machine was and was located is not shown? No. (8) Should the demurrer to the following portion of paragraph 2 of the petition, to wit, "without warning him of the danger of operating the machine," have been sustained, (*a*) because there are no allegations setting forth what warning should have been given plaintiff by defendant? Yes. (*b*) Because there are no allegations setting forth what danger is referred to and its nature and character? No; except so far as it makes the point that the nature and character of the danger is not alleged explicitly.

(9) Should the demurrer to the following portion of paragraph 3 of the petition, to wit, "Plaintiff not knowing of its dangerous character," have been sustained, (*a*) because there are no facts alleged supporting the conclusion so pleaded? No. (*b*) Because there are no facts alleged which show why plaintiff did not know of such dangerous character of the machinery? No. (*c*) Because there are no facts alleged which show that plaintiff did not have means of knowing such alleged danger equal to those of the master? No. (*d*) Because there are no facts alleged showing that the plaintiff could not have known of such alleged danger by the exercise of ordinary care? Yes. (10) Should the demurrer to the following portion of paragraph 3 of the petition, to wit, "attempted to stop the machine as he had been directed to do," have been sustained, (*a*) Because there are no facts set forth supporting the conclusion therein pleaded? No. (*b*) Because there are no facts set forth showing what action plaintiff took in attempting to stop the machine? Yes. (*c*) Because there are no facts alleged which show what he had been directed to do? No. (*d*) Because there are no facts alleged showing how or in what manner he had been directed to stop the machine? No. (*e*) Because there are no facts showing who directed him to stop the machine, and when? As to who directed, no; as to when, yes. The averment of a time as to every traversable fact may be compelled by special demurrer. *Mandeville Mills* v. *Dale,* 2 *Ga. App.* 607 58 S. E. 1060. (11) Should the demurrer to the following portion of paragraph 3 of the petition, to wit, "His left hand was thrown violently and suddenly from the lever into the cogs of the machine," have been sus-

tained, (*a*) because there are no facts supporting the conclusion pleaded? Nó. (*b*) Because there are no facts alleged explaining how or why his hand was violently thrown from the lever? Yes. *Miles* case. (*c*) Because there are no facts alleged showing that plaintiff could not have avoided such occurrence by the exercise of ordinary care? No. The plaintiff need not anticipate and plead an avoidance to an affirmative defense.

(12) Should the demurrer to the following portion of paragraph 4 of the petition, to wit, "[Plaintiff] was in the place assigned to him," have been sustained, (*a*) because there are no facts supporting the conclusion so pleaded? No. (*b*) Because the place referred to is not stated? No. (*c*) Because there are no facts showing what agent or servant of the defendant so assigned plaintiff to this place? No. (*d*) Because no facts are set forth which support the allegations that he was so assigned? No. (13) Should the demurrer to the following portion of paragraph 4 of the petition, to wit, "in the discharge of his duties," have been sustained because the same is a statement merely of a conclusion without any facts supporting same? No. · (14) Should the demurrer to the following portion of the petition, to wit, "without fault on his part," have been sustained because the same is supported by no allegations of fact and is a mere conclusion? No. (15) Should the demurrer to the following portion of paragraph 4 of the petition, to wit, "Defendants were. negligent in putting said minor at work on a dangerous machine without giving him warning of the danger," have been sustained, (*a*) because the same embodies mere conclusions without any allegations of fact supporting same? No. (*b*) Because neither therein nor elsewhere does it appear what warning should have been given or what danger should have been apprehended, or that said danger materialized in the injury complained of? No. (16) Should the ·demurrer to the following portion of paragraph 4 of the petition, to wit, "Defendants were negligent in not providing a safe place for the child to work," have been sustained, (*a*) Because the same is unsupported by any allegations of fact and is a mere conclusion; there are no facts alleged showing wherein the defendants were negligent; there are no facts alleged showing that it did not provide a safe place to work; there are no facts alleged showing that the plaintiff was a child; on the contrary a person over fourteen

years of age is not a child? No. (17) Should the demurrer to the following portion of paragraph 4 of the petition, to wit, "Defendants were negligent in having a boy of his youth and size at work on that machine," have been sustained, (a) because the same embraces mere conclusions unsupported by any allegations of fact? No. (b) Because the same is not sound as a matter of law; it is not negligence per se to employ a youth over fourteen years of age, and there are no facts set forth whatever supporting the conclusion alleged that defendants were negligent in having plaintiff to work as alleged; wherein defendants were negligent is not shown or supported by any allegations of fact; how or wherein defendants were negligent because of plaintiff's size is in no manner shown by plaintiff's pleadings; no allegations are made which show that plaintiff did not know of his own youth and size, or that he did not know of any danger in engaging in work for defendant as stated; nor are any facts alleged showing that plaintiff did not know, or by the exercise of ordinary care could not know of any and all dangers attendant upon his engaging in such work, being of the age and size which plaintiff was; what plaintiff's size was, does not appear? No. In regard to the five last grounds, it may be said that where a petition has set forth the particulars of a transaction with definiteness, the conclusions of negligence on which the pleader relies may be stated in general terms. These grounds fall, of course, by the sustaining of demurrers to the prior allegations on which they are based; but in themselves they are not the subject of demurrer on the grounds stated.

If the defendant in this case had filed no special demurrers, the petition would have supported a verdict. The court, as we have held, properly sustained many of the special demurrers. To affirm the judgment generally, since a general demurrer was sustained, would operate as a res adjudicata, barring a subsequent suit on the same cause of action. Judgments based upon mere deficiencies of statement should not operate to preclude substantial rights; as judgments upon the merits of the transaction should. Frequently in cases where we have found that the cause of action was not stated with sufficient certainty, we have affirmed the trial courts in sustaining demurrers; but, by direction, gave leave to amend. In the present case we are not willing to go that far,

because the plaintiff was given full opportunity of amendment before the judgment of dismissal was entered. While he availed himself of this privilege, he left several glaring deficiencies in his petition. So that, instead of affirming with leave to amend, we affirm the judgment, with direction that the dismissal shall not operate as a res adjudicata upon the merits.

*Judgment affirmed, with direction.*