## 1007.   FINLEY *v.* SOUTHERN RAILWAY COMPANY.

1. The Court of Appeals is clothed with power to direct any order necessary for the proper adjudication of a cause. It may give any direction to a cause pending in the court below, which may be consistent with the law and justice of the case, including the power of directing a specific, final disposition of the case. But this power will not be exercised unless the discretion of the lower court has been improperly used or not exercised at all.

2. It was not error to order a new trial. A verdict for damages against two or more defendants as tort-feasors should be set aside when it is, as against any one of the defendants thus held liable, unwarranted by the evidence.

3. A plaintiff can sue one or more than one, or he can sue all, of several joint tort-feasors in the same action, and the jury, by its verdict, can bind one and relieve another, as the evidence may authorize, but if the verdict be rendered against all of the defendants, the judgment thereon is single, and must stand or fall alone. Such a judgment is in law a creature of such nature that it can not survive the severance or amputation of any one of its members.

4. In an action brought against a defendant as a joint tort-feasor, a recovery may be had upon an allegation of negligence in which the other

alleged tort-feasors did not participate. And where it is alleged that one of the defendants, by his servant, committed a tort, and that two other defendants directed, counseled, caused, or procured this servant to commit the tort in the conduct of his master's business, upon proof of these facts all or any one of them may be held liable. But if the connection essential to hold the two others is not established,—that is to say, if it is not shown that they directed, counseled, caused, or procured the servant to commit the tort, they may be discharged from liability, and the master alone be held liable for the wrongful conduct of his servant who committed the act.

Action for damages, from city court of Atlanta—Judge Reid. January 6, 1908.

Argued March 13, 1908.—Decided February 16, 1909.—Rehearing denied February 27, 1909.

*Burton Smith,* for plaintiff.

*Dorsey, Brewster, Howell & Heyman,* for defendant.

RUSSELL, J. Finley, a minor, by his next friend, sued the Southern Railway Company, together with Oscar Turner and Walter Hagan (who were the yardmaster and assistant yardmaster respectively of the defendant corporation), for $20,000. On the trial the jury rendered a verdict in favor of the plaintiff for $8,000; and, upon motion, the judge of the city court granted a new trial. The plaintiff excepted, and asks that the judgment granting a new trial, apparently on a point of law alone, be reversed, with direction to the lower court to pass upon the single question whether the verdict is supported by the evidence. The contention of the plaintiff is that the trial judge erred in his construction of the petition, and in his application of the evidence thereto. It is insisted that the allegations of the petition were amply supported by the evidence, and that the verdict set aside was required by the evidence. In granting the motion for new trial the trial judge passed the following order: "The only negligence complained of in this suit and charged to have caused the plaintiff's injury is that of the two individual defendants, of the railroad company through their conduct. There is no complaint of the engineer's negligence,—such an allegation would have made a severable cause of action, and the court would not have charged that the verdict must be against all or none. Under the pleading the defendant railroad company was not called upon to defend as to the engineer's negligence. As I regard it, it is not a question of variance between the pleading and the evidence,—the evi-

dence was all admissible to show how the accident occurred, and it completely disproves the negligence alleged. I do not see how the plaintiff can recover on this pleading, on the evidence in the record. I believe for this reason the law requires the grant of a new trial; and it is so ordered." The plaintiff insists that it does not appear from this judgment but that the court was satisfied with the amount of the verdict, and contends that the judge might approve the finding of the jury after the ruling by this court upon the law, and upon direction given by us that his discretion be exercised solely upon the point of the sufficiency of the evidence. To use the language employed by counsel for the plaintiff in his brief, it is proposed "that this court shall direct the court below to pass upon the verdict, subject to right directions received therefrom as to the law, and if, subject to these directions, he approves, the verdict be allowed to stand."

1. We entertain no doubt of the prerogative of this court, in a proper case, to make a tentative, or even a final, disposition of a case by appropriate direction. In fact we have several times exercised the power. The constitutional amendment creating the Court of Appeals gave this court, as to the cases within its peculiar jurisdiction, the same powers as the Supreme Court within its peculiar jurisdiction. Among the powers of the Supreme Court, enumerated in the Civil Code, §5498, it is empowered "to hear and determine all causes, civil and criminal, that may come before it, and to grant judgments of affirmance or reversal, or any other order, direction, or decree required therein, and, if necessary, to make a final disposition of the cause, but in the manner prescribed elsewhere in this code." Like authority is conveyed in §5586 of the Civil Code, in these words, "it shall be within the power of the Supreme Court to award such order and direction in the cause in the court below as may be consistent with the law and justice of the case." Indeed, this would seem to be a power inherent in all courts of review, in the absence of statute. Following these code sections, this court has in numerous cases given direction touching the proceedings in the lower court, when we considered the direction to be in conformity with the law or in the interest of justice. See *Askew* v. *So. Ry. Co.*, 1 *Ga. App.* 79 (58 S. E. 242); *Bashinsky* v. *Western Union Tel. Co.*, 1 *Ga. App.* 765 (58 S. E. 91); *Jarrell* v. *American Machine Co.*, 2 *Ga. App.*

769 (59 S. E. 186) ; *Dunn* v. *Western Union Tel. Co.,* 2 *Ga. App.* 845 (59 S. E. 189) ; *Oglesby* v. *State,* 1 *Ga. App.* 195 (57 S. E. 938) ; *Hartman Stock Farm* v. *Henley,* 4 *Ga. App.* 60 (60 S. E. 808) ; *Dennis* v. *Schofield,* 1 *Ga. App.* 491 (57 S. E. 925) ; *Cole* v. *State,* 2 *Ga. App.* 738 (59 S. E. 24) ; *Mandeville Mills* v. *Dale,* 2 *Ga. App.* 607 (58 S. E. 1060), and a number of other cases. These rulings go back to *Davis* v. *Guerry,* 51 *Ga.* 74, and *Irwin* v. *Riley,* 68 *Ga.* 606. See also *Harvey* v. *Jewell,* 84 *Ga.* 238 (10 S. E. 631) ; *Morton* v. *Frick,* 87 *Ga.* 230 (13 S. E. 463) ; *Central Ry. Co.* v. *Kent,* 91 *Ga.* 687 (18 S. E. 850) ; and *Comer* v. *Dufour,* 96 *Ga.* 736 (22 S. E. 543, 30 L. R. A. 300, 51 Am. St. R. 89). In *Central Ry. Co.* v. *Kent,* supra, the court disagreed upon another point, and Chief Justice Bleckley dissented, entertaining the view that the evidence in that case warranted the verdict rendered; but there was no division upon the proposition that under the section of the code above cited, the court had the right to order the case dismissed. Following Judge Bleckley, we would be unwilling to set aside the verdict of a jury upon issuable facts, and indeed, if in any case this is the only issue presented, we are without jurisdiction to do so. But in the *Kent* case, supra, there was no division of opinion on the part of the Supreme Court as to the power of that court, in a proper case, to dismiss a cause from the lower court. In fact, at no time has the court questioned its constitutional right to direct a final disposition of a cause in the lower court. In *Comer* v. *Dufour,* supra, the facts being undisputed, the superior court was ordered to render a final judgment in favor of the defendant. And likewise we apprehend it to be within the appropriate jurisdiction of this court to exercise directory powers in any case where there is no issue of fact. See also *Green* v. *Hill,* 101 *Ga.* 258 (28 S. E. 692) ; *Gibson* v. *Wilkins,* 110 *Ga.* 94 (35 S. E. 316) ; *St. Amand* v. *Lehman,* 120 *Ga.* 258 (47 S. E. 949) ; *Brown* v. *Joiner,* 77 *Ga.* 232 (3 S. E. 157) ; *Ford* v. *Harris,* 95 *Ga.* 97 (22 S. E. 144) ; *Sims* v. *Cordele Ice Co.,* 119 *Ga.* 597 (46 S. E. 841) ; *Brown* v. *Bowman,* 119 *Ga.* 153 (46 S. E. 410).

As said by Judge Hall, in speaking of the Supreme Court, in *Harris* v. *Hull,* 70 *Ga.* 838, "One great purpose in establishing this court was to terminate suits, and with this view, it is made its duty not only to grant judgments of affirmance or reversal, but any other order, direction, or decree required, and, if necessary,

to make a final disposition of the cause (Code, §218 [Civil Code of 1905, §5586]), and it is empowered to give the cause in the court below such direction as may be consistent with the law and justice of the case.  Ib. §4284 [Civil Code of 1905, §5498].  Litigation should never be protracted where this, with due regard to the rights of parties, can possibly be avoided.  *Interest reipublicæ ut sit finis litium* is a maxim so old that its origin is hidden in a remote antiquity, and the policy which it inculcates is so essential as not to admit of question or dispute."

Of course, this power, like the performance of any other duty of grave moment, is to be most cautiously exercised, but the framers of our organic law foresaw that cases might arise in which a court of last resort could well be intrusted with the power, not only of ordering amendments or directing their rejection in the court below, and of moulding judgments by the application of the law to admitted facts, or of removing future ambiguity by construing and applying the law, but also of summarily directing, in a proper case, a final judgment in behalf of one of the parties to the cause.  Without any purpose of discussing at this time the full and exact scope of this court's directory powers, it is sufficient to say that we deem that we have the power, in any case in which it appears that the trial judge has not exercised his discretion in the consideration of a motion for new trial, to order that that discretion be exercised; and we would feel it to be our duty to reverse the judgment of the lower court in the present case if we were not satisfied that the trial judge exercised his discretion upon every point raised by the motion for new trial.  Furthermore, we are convinced that the judgment he rendered on the motion is right.

2.  Recognizing the duty the exercise of which has been invoked by counsel for the plaintiff in error, we have carefully examined the record to ascertain whether the learned trial judge, either through failure to exercise any part of his discretion or on account of misconstruction of the pleadings, or misapprehension of the issues, erred in setting aside the verdict of the jury and awarding a new trial.  We do not understand that the plaintiff in error insists that the judge abused his discretion in passing upon the facts. The complaint is more especially addressed to the insistence that the judge erred in granting a new trial, upon his construction

of the pleadings, and upon the ground that the finding of the jury was contrary to the charge of the court. We are of the opinion that the trial judge properly granted a new trial, though not for the precise reasons stated by him, and that he should have granted a new trial (even conceding the strongest contentions of the plaintiff in error to be well taken), for the reason, as stated in the judgment, that the verdict, as construed with the pleading in the case, can not be supported by the evidence. It may be true, as insisted by counsel for the plaintiff in error, that what the judge meant by this was different from what we now mean; but in passing upon the first grant of a new trial by the lower court, this court will be slow in limiting the meaning of the language employed in the grant of a new trial, and will sustain the grant if, upon investigation of the record, it is found that the judgment awarding a new trial is, for any reason, right.

This suit proceeded against three defendants. The verdict was rendered against all of them, and judgment was entered accordingly. Regardless of all other questions in the case the judgment of the judge of the city court, awarding a new trial, is right, because there is no evidence which would have authorized the jury to find a verdict against the defendants Turner and Hagan. *Brownlee* v. *Abbott*, 108 *Ga.* 761 (33 S. E. 44). The action in the *Brownlee* case was trover, but under the decision in *Mashburn* v. *Dannenburg*, 117 *Ga.* 584 (44 S. E. 97), the same rule applies (as reasonably it must) to all actionable torts. In the *Mashburn* case it is pointed out that the plaintiff may proceed against either one or all of several joint tort-feasors, and if he elects to sue more than one and obtains a verdict against more than one, the verdict as to each must be authorized by the evidence. It is not alleged in the petition that either Turner or Hagan ordered the engineer of the defendant company to suddenly project his engine against the cars upon track No. 17, whereby the plaintiff was injured, nor is it proved that they either directed the movements alleged to be the cause of the injury or were present when it was done. The company might be liable for the negligence of its engineer in suddenly crashing his engine into a line of box-cars, thereby causing a violent and dangerous collision. The company would be liable if, under the general direction of Turner and Hagan, or of either of them, this had happened through any inattention on their part

in the conduct of the company's business; but Turner and Hagan themselves would not be individually liable, unless they ordered the movement which caused the catastrophe. There is no evidence which authorized the finding of the verdict against these two defendants; and as the court did not have the right to strike them either from the verdict or from the judgment (*Irwin* v. *Riley,* 68 *Ga.* 608), the court was required to set aside the verdict as to them, and also as to their codefendant. From this it results that there is no reason why the judgment of the lower court should be reversed. If that court released Hagan and Turner from the jury's finding, as it should have done, the verdict's confining circle was broken as to all included therein. A single chain had fastened the three defendants together, and when the chain was broken and two of the prisoners were released, the third was unconfined, regardless of whether a portion of the chain might still be on his person.

3. We think, however, that the court erred in charging the jury that the plaintiff must recover against all of the defendants or against none. Joint tort-feasors may be sued together, and recovery may be had against one or more of them as the liability of each may appear from the evidence. One or more may be found liable; others may be adjudged not guilty of the tortious act alleged. *Hollingsworth* v. *Howard,* 113 *Ga.* 1099 (39 S. E. 465); *W. U. Telegraph Co.* v. *Griffith,* 111 *Ga.* 558 (36 S. E. 859), and citations. A plaintiff can sue one or more than one, or he can sue all, of several joint tort-feasors, in the same action, and the jury by its verdict can bind one and relieve another, as the evidence may authorize; but if the verdict be rendered against all of the defendants, the judgment thereon is single and must stand or fall alone. Such a judgment is in law a creature of such nature that it can not survive the severance or amputation of any one of its members.

4. We are of the opinion also that the court erred in charging the jury that the plaintiff could only recover upon such acts of negligence as were shown to be chargeable to the servants Hagan and Turner. The court was right in charging the jury that the plaintiff could only recover upon the allegations of negligence set forth in the petition. But the defendant company, as a tort-feasor, though sued jointly with Hagan and Turner, might be

liable for the negligence of some employee other than they, if, as is alleged in the petition, the negligence of the engineer contributed to the injury; and though this statement might have been specially demurrable, the name of the engineer was not called for, and it is certain, from the allegations of the petition, that he was neither Turner nor Hagan.

We have referred to these two latter matters in order that upon another trial the jury may be properly instructed as to these points. But upon the main issue involved, the court was not in error in awarding a new trial.          *Judgment affirmed.*

### ON MOTION FOR REHEARING.

RUSSELL, J. The motion for rehearing invokes the exercise of this court's power to make a final disposition of a cause. It is asked that this court direct the judge of the city court to dismiss the case as to Turner and Hagan, and let the verdict stand as against the defendant company, and that the judgment be reformed accordingly. The motion for rehearing is based upon the allegation that the court overlooked the case of *Irwin* v. *Riley, 68 Ga.* 605. We assume that the learned counsel for plaintiff in error intended to say that the court, perhaps, misconceived the decision in that case; for it is cited in the original opinion. In passing upon this case, we dealt at some length with the question of the Court of Appeals's directory power, and think we made clear that this court possesses, in any proper case, the power to give final disposition to a case. We did not lose sight of the fact that it was within the power of the court to give *the present case* the disposition now sought by the plaintiff in error in his motion for rehearing; and while, incidentally to our discussion of the subject, we quoted from the request of the plaintiff in error, as embodied in the brief, we did not mean to hold, nor can it be inferred that the court did hold, that in giving direction to a cause, the exercise of its power is limited to the request of either or both of the parties. The direction to be given should be that which is right and proper in the particular case.

After a careful consideration of the motion for rehearing, this court reiterates its opinion, and holds that there is not only no reason why this court should direct a final disposition of the case, but manifest reasons why it should not overrule the discretion of the trial judge in granting a new trial. As heretofore pointed out,

it appears that the judge of the city court exercised his discretion in passing upon the motion for new trial. The new trial ordered is the first grant of a new trial. We have not held, and can not hold, upon review of the evidence adduced upon the trial, that a verdict is demanded against any of the defendants. We can only say, as we have previously said, that the evidence might have authorized a verdict against the Southern Railway Company, and did not authorize a verdict against the other two defendants. However, the testimony was not undisputed even as to the defendant that we held might have been liable; and in this view of the case, how could this court hold, as a matter of law, that the trial judge was satisfied with the verdict, even as to that defendant,—the Southern Railway Company? We do not think it can be assumed, from the judge's order granting a new trial, that he was satisfied with the verdict, either in the conclusion reached, or in the amount of the finding. The judgment of a trial court is to be measured by its correctness, rather than by the reasons assigned for its rendition. We can not say that the verdict rendered against the Southern Railway Company was demanded by the evidence; and that the judge would have erred in granting a new trial if he had possessed the power (which this court has) to eliminate the other two defendants, Hagan and Turner, from the judgment. If we could say this, we would feel it our duty to direct that Hagan and Turner be stricken from the judgment, and that judgment be entered up in the city court against the defendant railway company in accordance with the finding of the jury against it. As we can not say that the verdict was demanded as to any of the defendants in this case, to direct a judgment which would effect a final disposition of the case would be an arbitrary invasion and overruling of the discretion of the trial judge, which would not be proper on the part of this court, except in a case where the trial judge had palpably abused his discretion in granting a new trial, and where the finding reached was the only lawful conclusion from the evidence. As we stated in the opinion, the judgment of a trial court granting a new trial will be affirmed if it is right for any reason. And we can not concur in the opinion that it is to be inferred, in a case where the jury finds contrary to the evidence or contrary to the charge of the court (even though it transpires that the instructions of the court were erroneous), that for that

reason the judge approves the verdict upon a particular part of the case, or as to one of the parties to the cause. In the opinion of this court, regardless of the reasons which may have most influenced the trial judge in granting a new trial, and though this court has the power to finally dispose of any cause, we do not see (upon a review of the evidence in the record) that this case differs from any other in which there are issuable facts that a jury, and not this court, should determine. And, certainly, the rule is well settled that the first grant of a new trial, where issues of fact are involved, should not be disturbed by a reviewing court. The motion for rehearing is therefore denied.